JAMES S. REARDON vs. JOSEPH CUMMINGS, administrator.

Middlesex.   November 22, 1907. — January 1, 1908.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Practice, Civil,* Appeal.   *Superior Court.   Insolvent Estates of Deceased Persons.*

Since terms of court were abolished by St. 1885, c. 384, the first Monday in every
month is the day for the entry of appeals in the Superior Court and the Supreme
Judicial Court.

The provision of R. L. c. 142, § 12, that an appeal to the Superior Court or the
Supreme Judicial Court by a creditor of an insolvent estate of a deceased person
from a decision of commissioners reported to the Probate Court disallowing a
claim in whole or in part shall be entered on the first Monday of the calendar
month next succeeding the expiration of thirty days after the return of the com-
missioners, is complied with by an entry of the appeal, after giving the required
notice, before the day designated by the statute, such premature entry when other-
wise complete being treated as taking effect on the designated day.

When an appeal to the Superior Court by a creditor of an insolvent estate of a de-
ceased person from a decision of commissioners reported to the Probate Court
has been entered on the day designated by the statute after giving the required
notice, if upon the entry of his appeal the creditor failed to file a statement in
writing of his claim as required by R. L. c. 142, § 13, a judge of the Superior
Court may permit him to file the statement at any time afterwards.

KNOWLTON, C. J.  A creditor of an insolvent estate of a de-
ceased person presented his claim before commissioners, and
appealed from their report to the Probate Court disallowing a
part of it.   He duly claimed his appeal and gave proper notice
thereof at the Probate Court as required by the R. L. c. 142, § 12.
He entered his appeal in the Superior Court and paid the clerk
the entry fee before the time for entry prescribed by this section.
The first question before us is whether the appeal should have
been dismissed because the entry was made too soon.   This
question has never before been considered by this court, although
there have been decisions that the court has no jurisdiction to
permit the entry of an appeal, or other suit, after the end of the
term, while terms were held, or after the return day next follow-
ing the day on which the case should have been entered, since
terms were abolished.   *Keenan* v. *Knight*, 9 Allen, 257.   *Dudley*
v. *Keith*, 153 Mass. 104.   By the St. 1885, c. 384, terms ceased
to be held, and the first Monday of each month was made a

return day for writs and other processes, and for the entry of appeals in the Superior Court and the Supreme Judicial Court. With the exception of Sundays and legal holidays, the courts are open for business at all times.

In *National Bank of Commerce* v. *New Bedford*, 175 Mass. 257, the court said, referring to the rule forbidding entries after the return day next following the time prescribed for the entry : "It does not seem to us that the same strictness should be extended to entries made too soon, when the right to enter is outstanding and a proper entry could be made if the party had notice that the letter of the law was insisted upon."

In a case like the present, where the party has procured and furnished to the clerk the proper copies, and has paid the entry fee and has directed an entry before the day on which the statute provides that it shall be made, and the clerk makes an entry, so that on the appointed day everything has been done and the record shows that everything has been done that ought to be done to make a proper entry on that day, we are of opinion that the entry should be treated as made on that day within the meaning of this statute. That which has been done prematurely, which appears of record in perfect form for an entry on that day, except that it was done sooner than was required, should be treated as taking effect on that day. We are of opinion that the appellant from the Superior Court could not complain that the appeal from the decision of the commissioners was not properly entered in that court.

Under the R. L. c. 142, § 13, the appellant from the decision of the commissioners should have filed " a statement in writing of his claim, setting forth briefly and distinctly all the material facts which would be necessary in a declaration for the same cause of action." He failed to do this, and was permitted upon motion in the Superior Court to do it afterwards. From the order allowing this motion the administrator appealed.

Formerly in Massachusetts a court had no power to allow the filing of a declaration if the writ contained none. This was because such writs purported to authorize an attachment of property or an arrest of the person, and, without a statement of a cause of action, the writ brought no subject within the jurisdiction of the court for its action. Statutes have been passed au-

thorizing the filing of the declaration in most cases on or before the return day, and giving the court jurisdiction to permit the filing of it at any time before the next regular return day. Gen. Sts. c. 129, §§ 7, 8, 9. Pub. Sts. c. 167, §§ 7, 8, 9. R. L. c. 173, § 11. As these provisions are statutory, and as they do not include statements to be filed in appeals like that before us, it is contended that the original rule of the common law should be applied, and that the court had no jurisdiction to permit the filing of the statement at a later stage of the case. This contention overlooks a material difference between the two classes of cases. In ordinary actions, before these statutes were passed, the court had no jurisdiction of any claim, because the writ contained no statement of the subject to which it was intended to relate. There was nothing before the court upon which jurisdiction could be exercised or an amendment predicated. That is the reason for the decisions in *Brigham* v. *Este,* 2 Pick. 420; *Rathbone* v. *Rathbone,* 5 Pick. 221, and *Guilford* v. *Adams,* 19 Pick. 376.

In an appeal from a decision reported by commissioners to receive claims against the insolvent estate of a deceased person, their report contains a general, although commonly an informal, statement of the claim, and this is a part of the record that is taken to the Superior Court. The statement to be filed is in the nature of an amendment of that which is informal and incomplete. The appeal, with the record, gives jurisdiction of the subject matter to the Superior Court, and at any time it may allow any proper amendment of the claim, either in the form of a new declaration, or of an original statement or declaration, if the appellant fails to file the statement seasonably.

*Judgment allowing the claim upon the finding of the judge.*

*J. Cummings, pro se.*

*F. W. Dallinger,* (*E. A. Counihan, Jr.,* with him,) for the plaintiff.