**TEXAS EMPLOYMENT COMMISSION et al. v. STEWART OIL CO.**

No. 6707.

Court of Civil Appeals of Texas.

Texarkana.

Sept. 10, 1953.

Rehearing Denied Oct. 29, 1953.

John Ben Shepperd, Atty. Gen., J. A. Amis, Jr., Asst. Atty. Gen., Sam Lane, Asst. Atty. Gen., Lee G. Williams, John M. Barcus, Austin, for appellants.

Lasseter, Spruiell, Lowry, Potter & Lasater, Tyler, Paul Branch, Kilgore, for appellee.

WILLIAMS, Justice.

Appellees, W. E. Stewart and wife, a partnership, operating under the trade name of Stewart Oil Company, plaintiffs below, terminated the employment of Emmett R. Broadus as a pumper on an oil and gas leasehold estate then owned and operated by appellees. Broadus then filed a claim with the Texas Employment Commission for benefits under the provisions of Art. 5221b–1 et seq., Vernon's Ann. Texas R.C.S.

From a decision by a deputy (representative of the Commission) which was favorable to the claim filed by Broadus, appellees under the provision of subsec. (b) of Art. 5221b–4, supra, timely filed an appeal to the Appeal Tribunal, Texas Employment Commission. Upon a hearing on this appeal in which appellees contested the claim and in which the Appeal Tribunal sustained the award of the deputy, appellees

timely perfected an appeal to the Texas Employment Commission. After further evidence was introduced, the Commission by a 2 to 1 vote sustained the award of the Appeal Tribunal.

The claim of Broadus was approved in each of above three decrees for benefits totalling $299.16, payable at the rate of $20 per benefit period for 15 periods. The account of appellees with the Texas Employment Commission was charged with said benefit payment. Upon a hearing on the appeal from the decree of the Texas Employment Commission, the trial court found from the evidence and the record brought forward "that Broadus was not entitled to employment benefits within the provisions of the Unemployment Compensation Act and that the award of the Commission to him on October 23, 1951 is hereby set aside." The trial court further decreed that the account of appellees with the Commission be credited with the amount of payments theretofore made to Broadus by the Commission.

Broadus and the Commission, the appellants, each answered with a general denial. In addition thereto, Texas Employment Commission attacked the jurisdiction of the trial court to review its decision by a plea in bar to the jurisdiction. In the sole point urged in this appeal, appellants contend that "the trial court was without jurisdiction to render judgment in this cause." We are not in accord and this point is overruled.

Subsecs. (h) and (i), Art. 5221b-4, supra, urged in support of defendants' plea in bar to the jurisdiction of the trial court to entertain a review of the Commission's award, read: " * * * (h) Appeal to Courts: Any decision of the Commission in the absence of an appeal therefrom as herein provided *shall become final ten (10) days after the date of notification or mailing thereof,* and judicial review thereof shall be permitted only after any party claiming to be aggrieved thereby has exhausted his remedies before the Commission as provided by this Act. * * * (i) Court Review: *Within ten (10) days*

*after the decision of the Commission has become final,* any party aggrieved thereby may secure judicial review thereof by commencing an action in any court of competent jurisdiction in the county of claimant's residence against the Commission for the review of its decision * * *." (Italics ours.)

A certified copy of the decision of the Commission was mailed to appellees on October 23, 1951. This certified copy that was mailed does not in any respect show the date of this final decision of the Commission. On the hearing in the county court it was shown that the decision was handed down on October 23, 1951, the same day the Commission mailed the copy out to appellees. The trial court so found. Appellees filed their appeal or petition for review seven days later, namely October 30, 1951. It is appellant's position that the trial court was without jurisdiction to entertain a review of the Commission's final decision because it was filed three days before the expiration of the ten day period mentioned in subsec. (h), that is, prematurely filed.

We are cited to no Texas decision which involves the joint construction of subsecs. (h) and (i), under Art. 5221b-4, supra. The time to perfect an appeal is obfuscated, to say the least, Shumaker v. State Labor Department, 154 Kan. 418, 118 P.2d 550, 552, when an attempt is made to reconcile the two subsections. Subsection (h) specifically provides that in the absence of an appeal, the decision will become final ten days after the date of notification or mailing of its decision. The thought arises, Does the decision become final after ten days as above specified, or does it become final within the additional ten day period as stated in subsec. (i)? Under such a situation counsel for the aggrieved person in this cause as a matter of precaution respected the provisions of subsection (h). Appellees having exhausted their administrative remedies under the Act are not to be penalized for their diligence in their action to protect in the court the alleged legal rights of their clients, Reardon v.

Cummings, 197 Mass. 128, 83 N.E. 361. Many ten day periods of time elapsed prior to this hearing in the county court. No injury is shown in the alleged premature filing of the appeal from the decision of the Commission.

Details of the grounds for the discharge of Broadus is pretermitted as no point presented attacks the findings of the trial court that set aside the award of the Commission.

The judgment is affirmed.