Inhabitants of Fairfield, petitioners, *vs.* County Commissioners.

Somerset, 1876.—May 30, 1876.

*Certiorari.*

A writ of certiorari will not be granted on account of mere technical objections to the record when substantial justice does not require it.

But in a case which showed that the county commissioners ordered the abatement of a tax; where they had no jurisdiction, because there was no allega-

tion or pretense that the petitioner brought in a list, etc., to the assessors or was unable to do so, the court ordered the writ of certiorari to issue.

ON REPORT.

PETITION for certiorari, to quash the proceedings of the county commissioners, had on petition of Daniel Bunker of Fairfield, where he represented in substance; that he owned a quantity of real estate in Fairfield; that the assessors of Fairfield, during the years 1873 and 1874, overrated his property, and assessed more tax against him than was just; that he had made application to them for an abatement for both years, and they refused to make it, wherefore he asked relief.

The commissioners after notice, hearing and examination, adjudged that the valuation of the real estate of Bunker, for the years 1873 and 1874 be reduced from the sum of four thousand dollars to the sum of twenty-five hundred dollars, and ordered that the costs accruing upon the petition, taxed at $21.08 be paid into the treasury of the county by the town of Fairfield, within six months from date.

The petitioners in the case at bar after setting out the proceedings of the commissioners, prayed for the writ of certiorari to issue, on account of errors assigned, among others that the commissioners had no jurisdiction, because "it is not alleged in said petition that the petitioner did 'make and bring in true and perfect lists of his poll and estate real and personal, not by law exempt from taxation,' which he was possessed of on the first days of April, in the years complained of, to the assessors of said Fairfield, as he in fact did not, although said assessors gave the proper notices therefor."

It was admitted that the assessors posted the notices for persons liable to be taxed to bring in lists of their polls and estates as required by law, and that Bunker did not bring in or present to them any such list, and further that they went on to, viewed and appraised the premises of Bunker, named in his petition, before making their assessment.

*S. S. Brown,* for the petitioners.

*S. J. Walton & L. L. Walton,* for the respondents.

VIRGIN, J.   Whether or not a writ of certiorari shall issue to bring up and quash the irregular proceedings of county commissioners in matters within their jurisdiction, rests wholly in the discretion of this court.

In such cases the writ will not be granted on account of mere technical objections to the record, when substantial justice does not require it.   If, however, the case shows that the commissioners had no jurisdiction of the particular matter, their adjudication thereon would be without the authority of law; and the party affected thereby has the right to have the record quashed on proper proceedings.

No person is entitled to apply to the county commissioners for an abatement of his tax, unless, after due notice, he brought into the assessors a true and perfect list of his taxable estate, or makes it appear to the commissioners that he was unable to do so.   R. S., c. 6, §§ 65, 66.   *Lambard* v. *Co. Commissioners*, 53 Maine, 505, 507.

In the case at bar, the application of the tax-payer contained no allegation of these jurisdictional facts; and there is no pretense that he did "bring in" his list or that he was unable to do so.   If they had existed, but were omitted from the record, the commissioners could have amended the record. *Dresden* v. *Co. Com.*, 62 Maine, 365.   Then it would appear that no defect in fact existed, and therefore that no injustice by reason thereof was suffered.                     *Writ of certiorari to issue.*

APPLETON, C. J., WALTON, DANFORTH, PETERS and LIBBEY, JJ., concurred.