INHABITANTS OF ORLAND, petitioners,

*vs.*

COUNTY COMMISSIONERS.

SAME *vs.* SAME.

Hancock.    Opinion December 1, 1884.

*Taxes.    Abatement by county commissioners.    Certiorari.    Practice.*

The jurisdictional facts ought to be set out in the application of a tax-payer to the commissioners for abatement of taxes.   If they are not the commissioners may entertain it, on proof of them without objection.

*Certiorari* will not be granted because the application does not set out on what property the applicant desired an abatement if the record discloses that a list setting out that fact was produced at the hearing.

ON REPORT.

Petition for *certiorari* to quash the proceedings of the county commissioners in abating a portion of the taxes of John A. Buck. There were two petitions; one each for the years 1882 and 1883. In the latter the causes of error assigned were as follows:

"1. Because the application to said board of county commissioners, praying for said abatement, did not set forth upon what property said John A. Buck desired said abatement.

"2. Because it does not appear in said county commissioners' records that said John A. Buck did make and bring in to the assessors of said town a true and perfect list of the amount and value of his estate, both real and personal, not by law exempt from taxation, which he was possessed of on the first day of

April, A. D. 1883, according to the notice given by said assessors in which he would receive the same. Nor does it appear that he was unable to offer such list at said time, nor did he offer to make oath to the same."

(Petition of John A. Buck, to county commissioners.)

"To the honorable county commissioners for the county of Hancock, respectfully represents your petitioner, John A. Buck, of Orland, in said county of Hancock, that on the seventh day of April, A. D. 1883, in accordance with a notification by the assessors of taxes of the town of Orland, for the year 1883, he made, subscribed and presented to said assessors a true and perfect list of his polls and all his estates, real and personal, not by law exempt from taxation of which he was possessed on the first day of April of said year of 1883, and then and there offered to make oath to the truth of the same. Yet the said assessors in making the assessment for the said year 1883, wholly disregarded and ignored the list aforesaid, and assessed your petitioner at a higher value than the property was worth at the said first day of April, A. D. 1883.

"Therefore, your petitioner having applied to said assessors for abatement of the taxes unlawfully assessed upon him, and the said assessors having refused to make the abatement asked for, your petitioner prays that you will make the said abatement and reimburse him the amount of same with incidental charges.

John A. Buck."

" Orland, August 18, 1883."

(Abatement.)

"Hancock ss : Court of county commissioners, January term, A. D. 1884.

" In the matter of the petition of John A. Buck, of Orland, for abatement of his taxes in said town of Orland for the year 1883, in accordance with notice duly given the assessors of said town of Orland and the petitioner, the commissioners met the parties in Orland on the 29th day of November, A. D. 1883, and after fully hearing their evidence and arguments upon the

matter under consideration, and after carefully considering the same, the commissioners are of the opinion, and so determine that the said petitioner, John A. Buck, was overrated by said assessors for the year 1883, in the sum of $1360 as follows: On his homestead, $200. On the Grindle house and lot, $150. On the store occupied by J. S. Condon & Co. $100. On the stable in the rear of Condon store, $100. On the storehouse in the rear of Condon store, $100. On the store occupied by Sparrow Holt, $150. On his wharf and salt store, $225. On wood lot No. 81, $60. On wood lot No. 79, $175. On household furniture, $100, and that said John A. Buck is entitled to an abatement therefor in the sum of thirty-two dollars and thirty-seven cents ($32.37), as follows: On account of his state, county and town tax, $23.80, and upon his highway tax the sum of $8.57, for which amount the commissioners award that the said John A. Buck shall be reimbursed out of the town treasury of said town of Orland, with incidental charges taxed at $4.82.

|  | John W. Somes, | County commissioners |
|  | Newell B. Coolidge, | for |
|  | James W. Blaisdell, | Hancock county." |

"A true copy.     Attest:          H. B. Saunders, clerk.

(Answer of county commissioners, showing amendment.)

"The answer of J. W. Somes, Newell B. Coolidge and James W. Blaisdell, county commissioners of Hancock county, in the matter of John A. Buck, abatement for year 1883, who say:

"That the copy attested by H. B. Saunders, Esq. attached to the petition in said cause, is a true copy of their record and they hereby certify the same, and they further, here in court, produce an amendment of said record, amended according to the facts and their rulings at the regular term of the court of said commissioners, held at Ellsworth, on the fourth Tuesday of January, A. D. 1884, and by adjournment on the 19th day of February and 25th day of March, which they hereby certify as true and correct, and they further for answer say: That they find as facts and so rule that the said John A. Buck, the petitioner

in said cause, was an inhabitant of Orland on said first day of April, A. D. 1883, and liable to taxation therein.

"That on said April 1, A. D. 1883, he owned property liable to taxation in said Orland.

"That before making their assessment of taxes, for A. D. 1883, the assessors gave such notice as is required by law to the inhabitants of said Orland, to make and bring into them true and perfect lists of their polls and all their estates, real and personal, not by law exempt from taxation, of which they were possessed on the first day of April, A. D. 1883.

"That at the time and place notified said Buck took into said assessors, a true and perfect list of his polls and estates according to the provisions of c. 6, § 92 of the R. S., of the state of Maine, as aforesaid.

"That said list was received by one of the assessors, William Roberts, who said that he did not wish to ask any questions relative thereto, and that no request was ever made of said Buck to answer questions in writing or otherwise, relative to said list, or to make oath to the same.

"That in the application to the assessors, requesting an abatement on said tax, is a list setting forth on what property he desired an abatement which is on file in said assessors' office, is a part of the records in this cause, and was produced at the hearing before us on notification of Mr. Buck.

"That said Buck for year A. D. 1883, was assessed and over valued, as appears in the records and reports in this cause.

"That the rate per cent of said taxation was 17 1-2 mills on each and every dollar and 6.3 mills on each dollar for highway tax.

"That said petitioner after said assessment, and before he applied to us, duly, and according to law, applied in writing to the said assessors for an abatement of said tax, stating the grounds therefor, within the time required by law to abate the said tax, and that they refused so to do, and that application was duly made to us at our next meeting, that our records and doings are not erroneous, nor illegal, and we here in court produce our

completed record, and pray that we may be hence discharged with costs.

>                 John W. Somes,      ⎞ County commissioners
>                 Newell B. Coolidge,  ⎬        for
>                 James W. Blaisdell,  ⎠   Hancock county."
>
> "A true copy.   Attest:        H. B. Saunders, clerk."

*O. F. Fellows*, for the plaintiffs.

As the county commissioners' court is a *quasi* court of record, keeping a record of its official proceedings, rendering judgments and issuing legal proceedings, the application to the court must be in writing. *Levant* v. *Co. Com'rs*, 67 Maine, 429. We maintain that in order to give county commissioners jurisdiction, under an application by a tax-payer for an abatement of his taxes, such application must contain an enumeration of the property, upon which he claimed to have been over-rated by the assessors; that the records of said county commissioners may disclose the facts upon which their jurisdiction was founded. *Plummer* v. *Waterville*, 32 Maine, 566; *Scarborough* v. *Co. Com'rs*, 41 Maine, 604.

Another reason why it should set forth in the application, the property upon which the applicant desired an abatement, is this: To give the town an opportunity of knowing fully on what it is called upon to act. *Guilford* v. *Co. Com'rs*, 40 Maine, 296.

*George P. Dutton*, for the defendants.

VIRGIN, J. After the precedent notice required of the assessors has been given, to entitle a tax-payer to successfully apply to the county commissioners for an abatement of any part of his tax, whether based on an over-valuation or on property not possessed on April 1, he must show:

1. That, in compliance with the assessors' notice, he seasonably presented a true and perfect list of his poll and all of his taxable estate possessed on April 1, and, if required, made oath to its truth, and answered in writing and subscribed the same, all proper inquiries as to the nature, situation and value of his property taxable in this state; or offers such list with his appli-

cation and satisfies the commissioners that he was unable to offer it at the time appointed. R. S., c. 6, § § 93, 94; *Gilpatrick* v. *Saco*, 57 Maine, 277; *Lambard* v. *Co. Com'rs*, 53 Maine, 505, 507; *Fairfield* v. *Co. Com'rs*, 66 Maine, 385, 387; *Freedom* v. *Co. Com'rs*, 66 Maine, 175; *Levant* v. *Co. Com'rs.* 67 Maine, 429.

2. That, on written application, stating the grounds therefor, within two years from the assessment, the assessors refused to make the abatement asked for. R. S., c. 6, § 95.

3. That his application was made to the commissioners at their next meeting. R. S., c. 6, § 96.

4. That he was overrated either on the value of his property, or for property which he did not possess on April 1.

While all of these jurisdictional facts ought to be set forth in the application, and the commissioners might properly decline to receive and order notice upon an application which did not contain all these allegations, still, if without objection all these facts be proved, the application might be entertained, for it is the whole record which is to be examined.

The original record of the commissioners was evidently defective; but they amended it according to the facts, as they had a right to do. *Levant* v. *Co. Com.* 67 Maine, 429, 435. And as amended, we perceive no error in it.

The only cause of error assigned and relied on in argument, is that the application did not set forth upon what property the applicant desired abatement. To be sure, the application is quite general in its terms, alleging that the assessors "assessed the petitioner at a higher value than the property was worth on the first day of April, 1883." Under this general allegation, the commissioners would probably order a specification, if requested. And it seems the reason for not making such a request, is disclosed by the following clause in their record, to wit, "That in the application to the assessors requesting an abatement, is a list setting forth on what property he desired an abatement, . . and was produced at the hearing before the county commissioners, on notification of Buck." So it seems

that the matter was specifically laid before them, and the town authorities could not have been injured.

*Petition dismissed.*

PETERS, C. J., DANFORTH, FOSTER and HASKELL, JJ., concurred.

EMERY, J., did not sit.