TRUSTEES OF THAYER ACADEMY *vs.* ASSESSORS OF THE TOWN OF BRAINTREE.

SAME *vs.* INHABITANTS OF BRAINTREE.

SAME *vs.* SAME.

Norfolk.    November 18, 1918. — March 4, 1919.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Practice, Civil,* Parties, Amendment, Appeal.  *Tax,* Abatement, Exemption.

A petition under St. 1909, c. 490, Part I, § 77, appealing to the Superior Court from the refusal of the assessors of a town or city to abate a tax must be brought against the town or city, and the assessors are not proper parties to the proceeding.  Following *Welch* v. *Boston,* 211 Mass. 178.

Such a petition will not be dismissed merely because the petitioner erroneously named the assessors of a town as respondents, and in such a case the petitioner will be given leave to amend his petition by substituting the town itself as the respondent.

Such a petition is not brought prematurely merely because it is entered in the Superior Court before the next return day for the entry of actions in that court after the expiration of the number of days named in the statute, if on the regular return day when it should have been entered formally all the necessary steps have been taken to perfect the appeal, and in such a case the entry will be treated as having been made on that day.

The provision contained in St. 1909, c. 490, Part II, § 88, that (with certain exceptions) "No action to recover back a tax shall be maintained . . . unless it is commenced within three months after payment of the tax," has no application to a petition for the abatement of an excessive assessment under Part I, § 72 of that chapter, which is not an action of contract and is a remedy given to an aggrieved taxpayer within six months after the date of his tax bill.

On a petition to the Superior Court by an educational institution, whose real estate owned and occupied by it or its officers for the purposes for which it was incorporated is exempt from taxation under St. 1909, c. 490, Part I, § 5, cl. 3,

for the abatement of a tax attempted to be assessed on such real estate, if it appears that a sworn list of property as required by Part I, § 41 of that chapter was furnished by the petitioner, but that it was not verified properly as required by § 43 and that, although various parcels of land belonging to the petitioner were enumerated, only the estimated value of the entire property was given, the trial judge is warranted in finding that there was no wilful omission to bring in to the assessors the list and statement required by § 41.

In the remedy given to a taxpayer by St. 1909, c. 490, Part I, §§ 72, 77, by a petition to the Superior Court appealing from a refusal of the assessors of a town or city to abate a tax, there is no requirement of a protest in writing. In the present case, if there had been such a requirement, it was complied with by the indorsement of a protest on the face of the tax bill when handed by the petitioner to the collector with the tax paid.

A house and lot owned by an academy, a literary institution, and occupied by its head master, other houses and lots of land owned by the academy and occupied respectively by an instructor and an instructress of the academy, and another house and lot belonging to the academy occupied by the janitor of the academy, who was its employee and whose services were necessary in the orderly and efficient management of the academy as an educational institution, are exempt from taxation under St. 1909, c. 490, Part I, § 5, cl. 3.

The fact, that an instructress of an academy corporation under the terms of a deed of gift, by which she conveyed to the academy the house and lot of land occupied by her as such instructress, is to receive during her life an annuity from the academy, is not inconsistent with and does not prevent a finding by a trial judge that the property is being used by the corporation with the dominant purpose of accomplishing one of the objects for which the corporation was created and that the trustees of the academy acted in good faith and not unreasonably in determining the use of such real estate.

THREE PETITIONS filed in the Superior Court on March 3, 1913, January 23, 1914, and March 1, 1915, by the Trustees of Thayer Academy, a literary corporation created by St. 1879, c. 91, all under St. 1909, c. 490, Part I, §§ 72, 77, the first against the assessors of the town of Braintree and the other two against that town itself, appealing from refusals of the assessors of Braintree to abate certain taxes assessed in the years 1912, 1913 and 1914 on real estate of the petitioner owned by it and alleged to be occupied by it and its officers for the purposes for which it was incorporated.

The cases were heard together by *O'Connell*, J. The material evidence is described in the opinion. At the close of the evidence the respondent assessors in the first case and the town of Braintree, respondent in the other two cases, asked the judge to make the following rulings:

"1. That as to said first case it cannot be maintained against the board of assessors of Braintree and judgment must be entered for the respondents.

"2. That said first case cannot be maintained because it was not brought within three months from the date the tax in question was paid.

"3. That neither the first nor the second case can be maintained because each was brought prematurely having each been entered in court before the first return day after the expiration of thirty days from the date of the refusal of the assessors to abate the tax in each case.

"4. That the petitioner in each of the said three cases as a prerequisite to its right to maintain said cases and each of them was required by law to bring in to the assessors of Braintree a list of its estate properly made out and properly sworn to, and that it did not comply with the law in that regard.

"5. That in said three cases and each of them said petitioner did not make any legal protest in writing signed by it at the time the tax was paid in each case.

"6. That in said three cases and each of them the petitioner was required to file but did not file at the time it applied to the assessors for an abatement of the tax in each case a list of its real estate verified as provided in St. 1909, c. 490, Part I, § 43, with an estimate of the fair cash value of each parcel.

"7. That upon all the evidence in said three cases and each of them the petitioner cannot maintain said three petitions collectively nor singly.

"8. The petitioner cannot maintain said three cases collectively nor singly as petition for abatement of taxes, its remedy, if any, being actions of contract to recover back the alleged taxes paid under protest.

"9. That the real estate claimed by the petitioner to be exempt in said three cases was not held, used or occupied by it exclusively for literary, charitable, benevolent and scientific purposes, so as to exempt it from taxation.

"10. That the payment by the petitioner of annuities to Livia D. Wilde and Anna B. Thompson or either of them out of the income of its property claimed by it to be exempt from taxation was not using and occupying said property exclusively for educational, literary, charitable purposes, etc., as provided by law."

The judge refused to make any of these rulings. In each of the cases the judge made the following findings:

"1. I find that the house at 714 Washington Street known as the head master's house and the lot of land consisting of 147,000 square feet, the house at 726 Washington Street known as Dr. Pitkin's house, the house and lot of land at 23 Central Ave., the house and lot of land on Hobart Ave., occupied by Anna B. Thompson at the time of the assessment complained of, were real estate owned and occupied by the petitioner or its officers for the purposes for which it was incorporated.

"2. I find that the dominant purpose of the occupation by the petitioner of the above described real estate was directly to accomplish some one of the objects for which the corporation was chartered.

"3. I find that the trustees of the petitioner corporation acted in good faith and not unreasonably in determining the use of the above described real estate with the dominant purpose to accomplish some one of the objects for which the said corporation was established.

"4. I find and rule that there is no evidence that any of the income of the petitioner corporation was used or appropriated for other than educational purposes within the meaning of the last clause of the third paragraph of St. 1909, c. 490, Part I, § 5.

"5. I find and rule that upon all the evidence the petitioner is entitled to an abatement of the taxes paid on said above described real estate in the year 1912, [1913,] [1914,] with interest from the date of payment, Nov. 30, 1912, [Nov. 29, 1913,] [Dec. 1, 1914.]"

The respondent assessors and the respondent town of Braintree alleged exceptions.

*C. C. Mellen,* for the respondents.

*Asa P. French,* (*G. W. Abele* with him,) for the petitioners.

BRALEY, J.   The petitioner is an educational institution whose real estate owned and occupied by it or its officers for the purposes for which it was incorporated is exempt from taxation under St. 1909, c. 490, Part I, § 5, cl. 3, unless the corporation wilfully omitted to bring into the assessors the list and statement required by § 41.   The assessors having levied taxes for the fiscal years of 1912, 1913 and 1914, on certain portions of the real property which they have refused to abate, the corporation appealed to the Superior Court as provided in St. 1909, c. 490, Part I, § 77; and, an abatement having been ordered, the cases are before us on the

respondents' exceptions to the refusal of the presiding judge to rule as requested. We shall hereafter refer to the petitioner as the appellant and to the several respondents as the appellees.

It is necessary before discussing the merits to determine the jurisdictional questions raised by the appellees. It is contended that the first appeal cannot be maintained because the petition is brought against the assessors and not against the town. The statute does not require service of notice of a complaint for abatement upon the town. It is assumed "that the knowledge of the assessors as officers of the town will sufficiently protect the interests of the inhabitants. . . . We think it is in fact an appeal, and that no service of process upon the town is contemplated. So far as we are aware, the practice has been in accordance with this view." *Cheney* v. *Dover,* 205 Mass. 501, 503. *Amherst College* v. *Amherst,* 193 Mass. 168. *Harvard College* v. *Cambridge,* 175 Mass. 145. But it was decided in *Welch* v. *Boston,* 211 Mass. 178, 186, that the assessors are not proper parties to the appeal. "The aggrieved taxpayer first applies to the assessors as a *quasi* judicial tribunal for an abatement of his taxes. On appeal his complaint runs against the city or town. See *Cheney* v. *Dover,* 205 Mass. 501, 503; *Welch* v. *Boston,* 208 Mass. 326."

The petition, however, should not be dismissed. The appellant is given leave to amend by substituting the town as the appellee. St. 1913, c. 716, § 3. *Worcester Board of Health* v. *Tupper,* 210 Mass. 378, 383.

Nor were the first and second petitions prematurely brought. It is true that each petition was entered before the next return day for the entry of actions in the Superior Court. But the record shows that on the regular return day at which the appeals could have been formally entered, all the necessary steps had been taken to perfect the appeals, and the entry should be treated as having been made on that day. *National Bank of Commerce* v. *New Bedford,* 175 Mass. 257. *Reardon* v. *Cummings,* 197 Mass. 128.

The appellees next invoke St. 1909, c. 490, Part II, § 88, which among other conditions provides, that no action to recover back a tax shall be maintained "as provided in section seventy-four" unless it is begun within three months after payment of the tax, and, as the tax in the first case was paid on November 30, 1912, while the petition for abatement was not filed until more than

three months had elapsed, the appellant has not complied with this essential requirement. *Wheatland* v. *Boston*, 202 Mass. 258. The petition, however, is brought under Part I, § 72, for the abatement of an excessive assessment which does not contain such a provision. A person aggrieved by the taxes assessed upon him may within six months after the date of his tax bill apply to the assessors under this section for an abatement, and if an abatement is denied he can appeal to the county commissioners or to the Superior Court. And an application for an abatement which can be made even after the tax has been paid is not an action of contract, but is an appropriate proceeding to which the aggrieved taxpayer can resort for the settlement of the validity of the whole, or any portion of the tax. *Milford Water Co.* v. *Hopkinton*, 192 Mass. 491. *Sears* v. *Nahant*, 215 Mass. 234, 240; *S. C.* 221 Mass. 435, 436. The appellees' first, second, third and eighth requests were rightly denied.

The fourth request that the appellant "in each of the . . . cases as a prerequisite to its right to maintain said cases and each of them was required by law to bring in to the assessors . . . a list of its estate properly made out and . . . sworn to, and that it did not comply with the law in that regard," and the sixth request, that the appellant "was required to file but did not file at the time it applied . . . for an abatement of the tax in each case a list of its real estate verified as provided in St. 1909, c. 490, Part I, § 43, with an estimate of the fair cash value of each parcel," could not have been given. While lists in all the appeals were furnished, the lists in the first and second appeals were not properly verified as required by St. 1909, c. 490, Part I, § 43, and all the lists, although they were enumerated, placed no value on the various parcels but gave only the estimated value of the entire property. The trial judge, however, was well warranted in finding that the appellant's failure of exact compliance with the provisions of the statute was not wilful. It is plain that the appellant was not seeking to mislead the assessors or to evade the law, but to comply with it, and, no wilful omission appearing, its right to an exemption is not defeated. *Masonic Education & Charity Trust* v. *Boston*, 201 Mass. 320, 326. *Milford* v. *County Commissioners*, 213 Mass. 162, 164.

The fifth request was wholly inappropriate. While no protest in

writing was required to preserve its rights when the several taxes were paid as the appellant does not sue in contract to recover the money back, yet the indorsement of protest on the face of the tax bills and handing them to the collector were sufficient under St. 1909, c. 490, Part II, § 88. *Borland* v. *Boston,* 132 Mass. 89.

We now come to the merits. It is contended by the appellees that the real estate claimed to be exempt was not used or occupied by the appellant exclusively for literary and educational purposes. But the judge has found that the "Head Master's House," and lot occupied by the head master, the "Dr. Pitkin's House" and lot occupied by one of the instructors, the house and lot occupied by the janitor, and the house and lot occupied by Anna B. Thompson, an instructress, all were owned and occupied by the appellant for the purposes for which it was endowed and incorporated, and that the income also was used only for educational purposes within the purview of the statute. It is settled that the head master, the instructor and the instructress are to be classed as officers of the academy within the meaning of the statute, and while the janitor is not an officer, his occupation of the house and lot where he resided was that of an employee of the corporation whose services are shown to have been necessary in the orderly and efficient management of the academy as an educational institution, and the accomplishment of the purposes for which it was chartered. *Williams College* v. *Williamstown,* 167 Mass. 505. *Phillips Academy* v. *Andover,* 175 Mass. 118. *Molly Varnum Chapter D. A. R.* v. *Lowell,* 204 Mass. 487. *Wheaton College* v. *Norton, ante,* 141. The fact that Anna B. Thompson under the deed of gift by her to the corporation of the house and lot occupied by her is to receive during her life a yearly annuity, does not do away with the dominant purpose for which the property was used when the taxes in question were assessed. The judge expressly finds, that with the dominant purpose of accomplishing some one of the objects for which the corporation was created, the trustees of the appellant acted in good faith and not unreasonably in determining the use of the real estate. "If incidentally there are results of the use which would not entitle the property to exemption, that is immaterial, so long as the dominant purpose of the occupation is within the statute. The dominant purpose of the managing officers of the corporation, in the use of the property which they direct

or permit, is often, although not always, controlling. So long as they act in good faith and not unreasonably in determining how to occupy and use the real estate of the corporation, their determination cannot be interfered with by the courts." *Emerson* v. *Milton Academy,* 185 Mass. 414, 415.

The judge accordingly properly declined to give the seventh, ninth and tenth requests, and, as no error of law appears in the record, the exceptions in each appeal must be overruled.

*So ordered.*