McKay Radio & Telegraph Company

*vs.*

Inhabitants of the Town of Cushing.

Knox.     Opinion November 2, 1932.

*Alan L. Bird*, for plaintiff.
*Rodney I. Thompson*, for defendant.

Sitting: Pattangall, C. J., Dunn, Sturgis, Barnes, Thaxter, JJ.

BARNES, J. Aggrieved at the refusal of the assessors of defendant town to abate in part the tax by them assessed upon plaintiff for the municipal year 1931, plaintiff elected to appeal to the Superior Court for the County of Knox, as privileged by R. S., Chap. 13, Sec. 76.

In furtherance of this purpose plaintiff perfected a petition or application for appeal and entered it at the term then next to be held in Rockland on the first Tuesday of November, 1931, as required by statute.

Plaintiff is a foreign corporation, "having an office and principal place of business at No. 67 Broad Street, in the Borough of Manhattan, City, County, and State of New York."

On its face, and by several exhibits with it submitted the petition gives evidence that on October 15, 1931, it was in New York City.

When first presented to any officer or official of defendant it bore an endorsement, as follows:

### "STATE OF MAINE

Knox, ss.                                               Superior Court

On the foregoing petition, it is ordered:

That the inhabitants of the Town of Cushing and the assessors of said Town be notified by service of an attested copy of this petition and order thereon on the Town Clerk and on the Chairman of the Board of Selectmen of said Town, made at least fourteen (14) days prior to the first Tuesday of November, A.D. 1931; that the inhabitants of said Town and the Board of Selectmen thereof may on said first Tuesday of November, A.D. 1931, appear and show cause, if any there be, why the prayer of said petition should not be granted; service to be made by any officer qualified to serve civil processes. Dated at Augusta, Maine, October 15, 1931.

Wm. H. Fisher
Justice, Superior Court."

The document bore no imprint of Court seal, and no indorsement of filing, nor any minute thereof.

The inhabitants of Cushing, rendered alert by the portent of a document that had been in New York City and Augusta, Maine, during office hours of one day, were quick to note absence of either seal or record of filing, and at the term of court named appeared by their attorney for the special purpose of filing a motion to dismiss the petition.

The same attorney likewise specially appeared for the assessors of Cushing, and filed such motions for both, alleging for the assessors that they are not in any sense in court, because no service was ever made upon them of an appeal from their assessment, and for the inhabitants showing that no proper order of service was obtained; that such service as was made was not in compliance with the order; that the document so served was not legal process emanating from any court, and generally that the assessors are not subject to the direction or control of the town, with other reasons.

No ruling on either motion was made at the term of filing, but at the next term both motions were overruled and exceptions taken by defendant.

At the second term also plaintiff filed a motion for further service on the inhabitants of the town on its assessors. There is no record of order of second service, but the last docket reads, "New service made Feb. 12, 1932."

On either motion dismissal should have been granted, for the document served and entered in court was fatally defective as an appeal from the decision of the assessors of Cushing not to abate plaintiff's tax. It bore no indicia of legal process. It may have had the signature of a Justice of the Superior Court, but that possibility is not enough to require residents of Maine to present themselves before the court.

It lacked parties defendant to a claim for abatement of a tax. Assessors of taxes are public officers; when acting as assessors they are not agents of the town of which they are inhabitants. *Rockland* v. *Farnsworth*, 93 Me., 178, 44 A., 681; *Brownville* v. *Shank Co.*, 123 Me., 379, 123 A., 170. The selectmen and the assessors of a town may be the same individuals; they may be different individuals.

Over the assessors, when acting officially, and over their acts, the inhabitants of a town have no control.

Service of legal process on the clerk of a town, or on the chairman of the board of its selectmen, is not service on the assessors, and is not notice to the assessors of pending litigation.

*Exceptions sustained.*