S. D. WARREN COMPANY, APPELLANT
*vs.*
INHABITANTS OF THE TOWN OF GORHAM ET AL., APPELLEES
Docket Below Number 5879.

S. D. WARREN COMPANY, APPELLANT
*vs.*
INHABITANTS OF THE TOWN OF GORHAM ET AL., APPELLEES
Docket Below Number 5880.

S. D. WARREN COMPANY, APPELLANT
*vs.*
INHABITANTS OF THE TOWN OF GORHAM ET AL., APPELLEES
Docket Below Number 5881.

Cumberland.    Opinion, March 10, 1942.

*Bradley, Linnell, Nulty & Brown,* Portland, for appellant.

*Redman, White, Willey & Winslow,* Portland, for appellees.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, WORSTER, MURCHIE, JJ.

HUDSON, J. These three appeals from decisions of town assessors denying tax abatements are based on Sections 76, 77, 79, and 80 of Chap. 13, R. S. 1930. They concern taxes assessed the appellant by the town of Gorham for the years 1935, 1936, and 1937. The denials were made and notices thereof to the appellant were given on December 5, 1938. Appeals therefrom were entered at the January term of the Superior Court, 1939. Service in each was ordered and complied with, following which, counsel for the town seasonably and without objection entered his general appearance in all three cases at the February term, 1939. Nothing further was done until the March term, 1941, when the appellant filed motions (which were

granted) for continuance of the appeals to the succeeding June term. On May 29, 1941, other counsel entered general appearances for the town and on June 23rd thereafter filed motions to dismiss all three actions on two grounds: first, that the appeals in two of the cases were prematurely entered to accord with said Sec. 77, and second, that no one of the three appeals was tried at the return term as claimed to be required by Sec. 79 of said statute. The Justice below denied the motions, to which rulings the exceptions now before us were taken, perfected, and presented.

### ALLEGED PREMATURE ENTRY.

Sec. 77, supra, provides:

"Such appeal shall be entered at the term first occurring not less than thirty days after the assessors shall, have given to the appellant notice in writing of their decision upon his application for such abatement, and notice thereon shall be ordered by said court in term time or by any justice thereof in vacation, and said appeal shall be tried, heard, and determined by the court without a jury in the manner and with the rights provided by law in other civil cases so heard."

In the two cases of the asserted premature entries, the date of the statutory notice in writing to the appellant was December 5, 1938. The next term of the appellate court not less than thirty days after that date was its February term, 1939. The appeals, however, were entered at its preceding January term and there have remained ever since. Were the entries under these circumstances premature, with consequential defeat of jurisdiction of the appellate court?

The Maine statute authorizing such appeals was first enacted in 1895 (see Chap. 122, P. L. 1895). Apparently it was patterned after a Massachusetts statute enacted in 1890, see Acts & Resolves 1890, Chap. 127, Sec. 2, which provided:

"Such appeal shall be entered in the office of the clerk

of said court at the return day first occurring not less than thirty days after the assessors have given to the appellant notice in writing of their decision upon his application for such abatement, and shall be tried, heard and determined by the court without a jury in the manner and with the rights provided by law in other civil cases so heard."

Following the enactment of the Massachusetts statute, the point of premature entry arose in the case of *National Bank of Commerce* v. *New Bedford,* 175 Mass., 257, 258, 56 N. E., 288, and therein Mr. Chief Justice Holmes said:

"But, so far as we can see, if this point is open to the respondent, the provision for entry at the return day first occurring not less than thirty days after notice is only for the convenience of the city or town concerned as party to the litigation, and does not go to the jurisdiction of the court in such a sense that the court is not at liberty to proceed with the case if an early entry is allowed to be made without objection. * * * We are aware of the strict rule that has been applied in some cases to an attempt to enter late when the party's rights are barred, but it does not seem to us that the same strictness should be extended to entries made too soon, when the right to enter is outstanding and a proper entry could be made if the party had notice that the letter of the law was insisted upon."

As to this pertinent point, this case was cited with approval in *Brodbine* v. *Inhabitants of Revere,* 182 Mass., 598, 66 N. E., 607, and in *Reardon* v. *Cummings, Admr.,* 197 Mass., 128, 129, 83 N. E., 361, 362 (an appeal from decision of commissioners in insolvency), where the Court said:

"That which has been done prematurely, which appears of record in perfect form for an entry on that day, except that it was done sooner than was required, should be treated as taking effect on that day,"

and in *Thayer Academy* v. *Assessors of Braintree*, 232 Mass., 402, 406, 122 N. E., 410, 411, another tax case, where the Court said:

> "Nor were the first and second petitions prematurely brought. It is true that each petition was entered before the next return day for the entry of actions in the superior court. But the record shows that on the regular return day at which the appeals could have been formally entered, all the necessary steps had been taken to perfect the appeals, and the entry should be treated as having been made on that day."

We have found no case in Maine holding that a premature entry of a tax appeal is destructive of jurisdiction. The case of *Webster* v. *County Commissioners*, 64 Me., 436, relied upon by the appellees, was one of a late rather than a premature entry, which we think is clearly distinguishable, as indicated by Mr. Chief Justice Holmes in *National Bank of Commerce* v. *New Bedford*, supra. Likewise, it was a late entry in *George H. Tuttle, Appellant* v. *County Commissioners*, 131 Me., 475, 164 A., 541, cited by the appellees.

We think that the January entries herein must "be treated as having been made" at the following February term and that consequently there was no violation of the statute so as to defeat jurisdiction of the appellate court.

### NECESSITY OF TRIAL AT THE FEBRUARY TERM, 1939.

Sec. 79 of said Chap. 13 provides in material part:

> "Such appeal shall be tried at the term to which the notice is returnable, unless delay shall be granted at the request of such city or town for good cause; and said court shall, if requested by such city or town, advance the case upon the docket so that it may be tried and decided with as little delay as possible. * * * "

Question: Is that section mandatory or directory? Is it ab-

solutely essential that the trial take place at the return term else the appeal can never be heard thereafter? Is nothing left to the discretion of the presiding Justice? Did the legislature intend to deprive him of the control of his trial docket and forbid continuances of tax appeals for whatever reason, particularly where there might be, as here, a general appearance, at least an implied consent to a continuance, and in fact no insistence upon trial by either party? Strangely enough this point also arose in the New Bedford case, supra, and there the Court held that the trial need not be had at the return term. It is stated on page 259 of 175 Mass., on page 289 of 56 N. E.:

"We do not care to say more of the respondent's position than that the provision for early trial is for the respondent's benefit, could be waived by it, and, even more plainly than that concerning entry, *does not go to the jurisdiction of the court."* (Italics ours.)

At the time this case was decided, the trial section of the Massachusetts statute (Acts & Resolves 1890, Chap. 127, Sec. 4) was essentially like our Sec. 79, supra, and provided:

"Such appeal shall be tried at the first trial term of said court for civil cases, unless delay shall be granted at the request of such city or town for good cause; and said court, and the supreme judicial court upon any appeal from any decision in any such case, shall, if requested by such city or town, advance the case upon the docket so that it may be tried and decided with as little delay as possible * * * "

But the appellees contend that the Massachusetts statute in other respects is unlike the Maine statute and so it would circumvent the decision in the New Bedford case, supra. Claimed distinctions are two: first, that under the Massachusetts statute payment of the tax was a condition precedent to the abatement, and second, that therein, if no abatement were granted, the city or town would be entitled to judgment for its

expenses and costs to be taxed by the court. While there may be these differences, we do not regard them as material to the decision, and it is to be noted that no mention of these provisions is made in any of the above cited Massachusetts cases.

While we have no Maine decision on the effect of non-trial at the return term with relation to the tax statute, yet we have one on a somewhat similar statute with regard to probate appeals in *Graffam* v. *Cobb*, 98 Me., 200, 56 A., 645, 646. There the statute read in part: ".* * * and said petition shall be heard at the next term after the filing thereof," the petition referred to being one to allow an appeal where such was not taken because of accident, mistake, defect of notice, or otherwise, without fault on the part of the appellant. The Court said on page 204 of 98 Me., page 646 of 56 A.:

"With respect to the purpose and effect of the statute requiring a hearing at the next term after entry, it is quite obvious that the legislature desired to impress upon the minds of the parties, as well as upon the court, the importance of an early settlement of all questions of which the probate court has jurisdiction. But it is familiar experience in the court that, without the fault of either party, circumstances often arise and events occur which render it impossible to have such a hearing at the first term without defeating the object for which this right of petition was given. The time of the hearing was not designed to be of the essence of the privilege granted so as to be a condition precedent to the enjoyment of the fruits of it. The statute was an instruction or direction given for the purpose of insuring a more prompt administration of the law. It must be construed to mean that the petition is cognizable and in order for hearing at the next term after filing, and that the parties are entitled to be heard at that term, unless in the exercise of a sound discretion, and in the furtherance of justice, the court for good and sufficient cause shall otherwise order. It would

be unjust to assume that the legislature was seeking to control the discretion of the court in the discharge of ordinary judicial functions. It did not intend to impose upon the court an imperative duty to order a hearing at the first term, even though it should appear that such a ruling would unmistakably work a manifest injustice. Nor is it necessary to impute to the legislature any such purpose. As an admonition to the parties and a direction to the court, the enactment affords full opportunity for the fulfillment of the legislative intention without invading the judicial province. It is more consonant with reason and justice, as well as constitutional law, to construe the statute in question as directory and not mandatory."

This language (mutatis mutandis) might well have been employed with reference to said Sec. 79. Its reasoning is as appropriate to the tax appeal as to the probate appeal section. The Graffam case has been cited with approval in *Gurdy, Appellant,* 103 Me., 356, on page 360, 69 A., 546.

No doubt the legislature deemed it desirable that appeals in tax abatement matters should be tried promptly and that there be no unreasonable delay in the litigation. But the question is whether it intended to deny the court the right to hear the tax appeal in all events unless at the return term.

"The real meaning of the statute is to be ascertained and declared even though it seems to conflict with the words of the statute." *Carrigan* v. *Stillwell,* 99 Me., 434, 437, 59 A., 683, 684, 68 L. R. A., 386; *Chase, Adm.* v. *Town of Litchfield,* 134 Me., 122, on page 128, 182 A., 921.

"The intent, rather than the letter of a statute, as the statute itself, read in the light of legislative purpose, expresses such intent, should prevail. * * * Spirit and purpose and policy are to be regarded. * * * The object the statute designs to accomplish serves oftentimes as a key to intricacies. The true meaning of any clause or provision is that which best accords with the subject and gen-

eral purpose of the statute." *Middleton's Case*, 136 Me., 108, on page 110, 3 A., 2d, 434, on page 435.

"In considering the action of the Legislature, the presumptions against unreason, inconsistency, inconvenience and injustices are not to be overlooked." *Brackett* v. *Chamberlain*, 115 Me., on page 340, 98 A., 933, on page 935.

"A statute must be construed as a whole, and the construction ought to be such as may best answer the intention of the legislature. Such intention is to be sought by an examination and consideration of all its parts, and not from any particular word or phrase that may be contained in it. This is the guiding star in the construction of any statute." *Rackliff* v. *Greenbush*, 93 Me., 99, on page 104, 44 A., 375, 376; *Belfast* v. *Bath*, 137 Me., 91, on page 94, 15 A., 2d, 249.

When said Sec. 79 was enacted in 1895, we had a rule of court as to trials of cases which no doubt was well known to the lawyers in the legislature, namely, Rule of Court XXVIII (72 Me., 576), which provided:

"Any action shall be considered in order for trial at the return term, when the party desiring it shall have given written notice thereof to the adverse party ten days before the sitting of the court."

The practice then was to give the ten-day notice under this rule if a trial at the return term were to be had. The legislature may well have considered that in view of the rule it were better to enact said Sec. 79 and thus give the tax appeal the right of trial at the return term, without in any way intending to make the statute mandatory so as wholly to defeat later trial in case such were not then had.

Furthermore, when the right of appeal to the Court (then the Supreme Judicial Court) was granted by the legislature in 1895, it also enacted Sec. 5 of the same chapter, which gave

the appellate court the right "in its discretion" to appoint "a commissioner to hear the parties and to report to the court the facts, or the facts with the evidence," the report to be prima facie evidence of the facts thereby found. And now Sec. 80 of Chap. 13, R. S. 1930, immediately following said Sec. 79 under discussion, provides not only for the appointment of such a commissioner but for the reference of the tax appeal by the Court "to the board of state assessors, who shall hear the parties and report their findings to the court together with a transcript of the evidence," such report to be prima facie evidence of the facts thereby found.

Certainly it would be a far-fetched assumption that the legislature believed that the appointment of a commissioner or the reference to the board of state assessors would result always, if ever, in the filing of their report at the return term so as to permit the conclusion of the trial at that term,—that is, at the same term at which the commissioner was appointed or the reference ordered. Thus is indicated an intention not to make the trial at the return term imperative in all events.

For reasons stated, we construe said Sec. 79 as directory only and not mandatory.

*Exceptions in all three cases overruled.*