GERTRUDE L. BLAKE, APPLT.

*vs.*

ASSESSORS OF TOWN OF YARMOUTH

IN RE ABATEMENT OF TAXES

Cumberland.    Opinion, January 29, 1957.

*Robert A. Wilson,* for appellant.

*Linnell, Perkins, Thompson,*
*Hinckley & Thaxter,* for appellee.

SITTING: FELLOWS, C. J., WILLIAMSON, WEBBER, BELIVEAU, TAPLEY, JJ.; MURRAY, A. R. J. CLARKE, J., did not sit.

TAPLEY, J. On exceptions. The case comes to this court on exceptions to the action of the presiding Justice of the Superior Court in (1) granting motions to dismiss and (2) a ruling (inferred by the granting of the dismissal motions) that appellant's motion for a new order of service upon the defendants was no longer before him.

The appellant, Gertrude L. Blake, requested the Assessors of the Town of Yarmouth for an abatement of her 1955 real estate taxes. Upon the refusal of the Assessors to abate the tax she entered an appeal at the February Term, 1956 of the Superior Court for the County of Cumberland, which appeal was made returnable at the March Term, 1956. The Inhabitants of the Town of Yarmouth filed a motion to dismiss alleging that they were not proper parties defendant in the action and that no orders of notice were directed against them as defendants.

A motion to dismiss was also filed by B. Frederick Ayer, Willis A. Reed and Richard H. Hodsdon in their official capacity as Assessors of the Town of Yarmouth asking dismissal for the reason that no notice of appeal had ever been served upon them, either individually or collectively.

A hearing was had on the motions to dismiss the appeal, resulting in the granting of the motions. The appeal was dismissed. On the same day the appellant filed a motion for a new order of service. The presiding justice refused to entertain the motion for a new order of service because by granting the motions to dismiss there was no action pending upon which a new service could be ordered.

The order issued on appellant's petition is of the following tenor:

"STATE OF MAINE

(Seal) CUMBERLAND, ss.

At the Superior Court, begun and held at Portland, within and for said County of Cumberland, on the first Tuesday of February Anno Domini, 1956,

UPON THE FOREGOING PETITION, Ordered, That the petitioner give notice to the said respondents Assessors of Town of Yarmouth to appear before the Justice of our Superior Court, to be holden at Portland, within and for the County of Cumberland, on the first Tuesday of March A. D. 1956, at 10:00 o'clock in the forenoon, by serving them said respondents with an attested copy of said Petition and this order of Court thereon, fourteen days at least prior to said first Tuesday of March 1956, that they may then and there in said Court appear and show cause if any they have, why the prayer of said petitioner should not be granted.

HAROLD C. MARDEN
Justice, Superior Court, Presiding."

The officer's return reads:

"STATE OF MAINE

CUMBERLAND, ss.

Yarmouth, February 15 A.D. 1956

I this day made service of the within Petition and Order of Court thereon, upon Hilda R. Thurlow Town Clerk therein named, by giving to him in hand, a true and attested copy thereof. Said copy being duly attested by Leslie E. Norwood, Clerk of the Superior Court.

LESTER E. GRAHAM   Deputy Sheriff."

The pertinent portions of the docket entries read as follows:

"Feb T 1956 1d.   Appeal filed and entered.

Mar T 1956 1d.   Motion to dismiss as to Inhabitants of Town of Yarmouth filed.

Motion to dismiss for want of service filed.

12d. Motion for new order of service filed. Hearing had on motions to dismiss. Motions to dismiss granted."

The real grievance of the appellant is the refusal of the presiding justice to pass upon her motion for a new order of service upon the Assessors of the Town. The reason assigned for not doing so was the granting of the motions for dismissal of the action. The record discloses the motions to dismiss were filed on the first day of the March Term, 1956; that on the twelfth day of the same term a motion for a new order of service was filed and also hearings were had on the motions to dismiss, resulting in the granting of the dismissal motions; therefore the chronological order of events on the twelfth day of the term was (1) motion for new order of service filed; (2) hearings on motion to dismiss; (3) motions to dismiss granted. It is obvious that upon the granting of the motions to dismiss there remained no appeal pending on the docket of the court upon which an order of service could be predicated. *Reagh, et al.* v. *Schalkenbach, et al.*, 71 P2d., 570 (Wash.). We are confronted with the question as to whether the presiding justice erred in considering the motions to dismiss previous to the one for new service.

There are no statutory provisions prescribing the order in which motions should be considered under circumstances such as obtain in this case.

The merits of this motion for new service do not concern us. This is a matter for determination on the part of the presiding justice. It appears to us where the docket entries show the motion for new service to have been filed on the same day and, according to order of entry, previous to the hearings on the motions to dismiss, that justice requires a hearing on the motion for new service before disposition of the motions to dismiss.

Exceptions were taken to the allowance of the motion to dismiss filed by the Inhabitants of the Town of Yarmouth. These exceptions are overruled because the Inhabitants of the Town of Yarmouth could not possibly be a party to this action.

The appellant should be given an opportunity for a hearing on the merits of her motion for an order of new service.

> *Exceptions to granting of motion to dismiss as to Inhabitants of the Town of Yarmouth are overruled.*
>
> *Exceptions to granting of motion to dismiss as to B. Frederick Ayer, Willis A. Reed and Richard H. Hodsdon, Assessors for the Town of Yarmouth, sustained.*
>
> *Exceptions as to the ruling on appellant's motion for a new order of service upon the Assessors of the Town of Yarmouth sustained.*