**ASSESSORS, TOWN OF BRISTOL**

v.

**Lucille ELDRIDGE and Warren Eldridge d/b/a Pemaquid Motor Hotel et al.**

Supreme Judicial Court of Maine.

Oct. 11, 1978.

Ervin D. Snyder (orally), Alan C. Pease, Wiscasset, for plaintiff.

James W. Gallagher (orally), Asst. Dist. Atty., Rockland, Hart, Stinson, & Lupton, P.A. by Carl W. Stinson, Bath (orally), for defendants.

Before McKUSICK, C. J., and POMER-OY, WERNICK, DELAHANTY, GOD-FREY and NICHOLS, JJ.

WERNICK, Justice.

In December, 1975 Lucille and Warren Eldridge purchased a resort hotel and related property situated in the Town of Bristol, County of Lincoln, Maine. For the tax year 1976 the Assessors empowered to act regarding property located in Bristol assessed the Eldridge real estate at a total valuation of $116,150.00. The Eldriges then applied to the Assessors for an abatement, 36 M.R.S.A. § 841 (Supp.1973). The Assessors granted an abatement of $6,810.00.

Dissatisfied, the Eldridges proceeded pursuant to 36 M.R.S.A. § 844 (Supp.1978) and sought an abatement from the Lincoln County Commissioners.[1] The County Commissioners granted the Eldridges a total abatement in the amount of $22,051.00.

Purporting to act pursuant to the provision in Section 844 that

"*[e]ither party* may appeal from the decision of . . . [the] county commissioners to the Superior Court, in accordance with Rule 80B of the Maine Rules of Civil Procedure", (emphasis supplied)

the Bristol Assessors filed a Rule 80B complaint in the Superior Court (Lincoln County). The Assessors attacked the decision of the County Commissioners on the grounds that: (1) the Eldridges had failed to file the property lists required by 36 M.R.S.A. § 706 (Supp.1978) and this failure precluded the County Commissioners from granting an abatement, and (2) the County Commissioners had acted arbitrarily and without basis in law in that the Commissioners failed to apportion the abatement to the various parcels of the real property at issue.

The Superior Court decided that the Assessors had given notice to the Eldridges to furnish property lists in accordance with Section 706 and therefore the Eldridges were under legal obligation so to file. Finding further that the Eldridges had failed to discharge this obligation, the Superior Court decided that the Assessors had waived the deficiency by granting the Eldridges an abatement of $6,810.00 and hence the County Commissioners were not barred from granting a further abatement. Agreeing with the amount of the abatement granted by the Commissioners, the Superior Court remanded the matter to the Commissioners for them to allocate the abatement among the seven parcels of the real estate in question.

From the decision of the Superior Court the Assessors have purported to appeal to this Court.

We do not reach the merits of the Assessors' appeal. We conclude that within legislative contemplation the Assessors were not a proper "party" to the abatement proceeding before the County Commissioners and therefore are not within the scope of the provision in Section 844 authorizing "[e]ither party" to appeal to the Superior Court, thereby to have status to be an appealing party before the Law Court. We therefore dismiss the Assessors' appeal to this Court and remand the action to the

1. In 1973 the Legislature created confusion concerning a taxpayer's right to resort to the County Commissioners for an abatement by first repealing Section 844 (P.L. 1973, c. 592, § 16) and then purporting to amend it without noticing the prior repeal. (P.L. 1973, c. 536, § 25 and P.L. 1973, c. 625, § 248; (36 M.R.S.A. § 844 (Supp.1973)). In an emergency enactment effective January 24, 1974 the Legislature remedied the error by enacting a new Section 844. P.L. 1973, c. 645, § 6; 36 M.R.S.A. § 844 (Supp.1978).

Superior Court with directions that the Superior Court dismiss it.

Until 1895 a taxpayer's application to the Assessors for an abatement was subject to further consideration only by the County Commissioners, and the determination of the County Commissioners was final and not subject to judicial redress except as might be accomplished through resort to the extraordinary writs—usually, the writ of certiorari. *Fairfield v. County Commissioners*, 66 Me. 385 (1876); *Levant v. County Commissioners*, 67 Me. 429 (1877); *Orland v. County Commissioners*, 76 Me. 462 (1884).

In 1895 (by P.L. 1895, Ch. 122) the Legislature gave to the taxpayer who had been refused by the Assessors such abatement as he had sought the election to have further consideration of his abatement application either by the County Commissioners or a judicial court. After 1895, if the taxpayer's choice was to go to the County Commissioners, their decision continued to be final in the same manner as previously. In 1909, however, following a somewhat bitter debate in the Senate (Leg. Rec. 1909 at 1197–1200), the Legislature authorized "either party" to the abatement proceedings before the County Commissioners to "appeal" the decision of the Commissioners for direct judicial evaluation. (P.L. 1909, Ch. 211).

The 1909 statute did not explicitly state whom the Legislature conceived to be the "party" adverse to the applicant for abatement before the County Commissioners, thereby to clarify who, other than the applicant taxpayer, was within the scope of the language conferring a right of appeal on "*either* party." (emphasis supplied) Neither is any such express clarification made in the statutes enacted subsequent to 1909. The statutes do, however, contain several provisions which, as constantly retained, become cogent indicators of the legislative intendment. These guideposts appear in the provisions concerning the proceedings before the County Commissioners and also in those dealing with the proceedings before the court on an appeal from the decision of the Commissioners.

Regarding the proceedings before the Commissioners, legislative intendment is revealed by the following statutory provisions: (1) the Commissioners are to order a taxpayer whom they find overassessed (and who has paid the tax) reimbursed out of the *municipal* treasury, with costs; (2) if the applicant for abatement "fails", the Commissioners are to allow costs to the *municipality*, taxed as in a civil action in court, and shall issue their warrant of distress against the taxpayer for collection of such amount as may be due the *municipality*. R.S. 1903, Ch. 9, § 78; R.S. 1916, Ch. 10, § 79; R.S. 1930, Ch. 13, § 75; R.S. 1944, Ch. 81, § 41; R.S. 1954, Ch. 92, § 42; 36 M.R.S.A. § 844; P.L. 1973, Ch. 645, § 6; 36 M.R.S.A. § 844 (Supp.1978).

As to proceedings before the court on an appeal from the decision of the Commissioners, the recurring provisions which are guideposts to legislative intendment are as follows: (1) if no abatement is granted, the court is to award judgment in favor of the *municipality*, with costs taxed by the court, and if an abatement is granted, the court is to render judgment for the *municipality* for whatever amount of tax may be due after deduction of the abatement; R.S. 1903, Ch. 9, § 81; R.S. 1916, Ch. 10, § 82; R.S. 1930, Ch. 13, § 78; R.S. 1944, Ch. 81, § 44; R.S. 1954, Ch. 92, § 45; 36 M.R.S.A. § 849; 36 M.R.S.A. § 849 (Supp.1973); (2) the *municipality* is authorized to seek to postpone, or advance, the statutorily prescribed time for the court hearing; R.S. 1903, Ch. 9, § 82; R.S. 1916, Ch. 10, § 83; R.S. 1930, Ch. 13, § 79; R.S. 1944, Ch. 81, § 45; R.S. 1954, Ch. 92, § 46; 36 M.R.S.A. § 848; 36 M.R.S.A. § 848 (Supp.1973).

■ By the cogency of their import in combination the foregoing provisions make plain to us that the Legislature contemplated that in the proceedings before the County Commissioners, as well as in the subsequent court proceedings "on appeal", the adverse "party" to the taxpayer applying for abatement is the *municipality* for whose benefit the tax has been assessed. Hence, by its authorization since 1909 that a court appeal may be taken from the decision of

the County Commissioners by *"either* party" (emphasis supplied) to the proceedings before the Commissioners, the Legislature was intending only the taxpayer and *the municipality* to which the tax is payable as the two adversary parties, either one being granted the right to the court appeal.

Moreover, that the municipality for whose benefit the tax is assessed is thus recognized as the party adverse to the taxpayer in abatement proceedings before the County Commissioners does not permit the Assessors to be included, as capable of being a proper party, on agency grounds. It is long established that the Assessors, though selected by a municipality, are public officials whose duties and authority are fixed by statute; they are not agents of the municipality selecting them and for whose benefit they may make tax assessments, and they are not subject to its discretion or control. *Dillon v. Johnson,* Me., 322 A.2d 332 (1974); *Young v. Johnson,* 161 Me. 64, 207 A.2d 392 (1965).[2]

Because Massachusetts, like Maine, deems assessors to by public officers rather than instrumentalities of the municipality selecting them, see *Welch et al. v. Boston et al.,* 208 Mass. 326, 328, 329, 94 N.E. 271 (1911), it is the long settled law of Massachusetts that in an appeal to a court from a tax abatement determination the assessors are not proper parties since they had acted as a "quasi judicial tribunal for an abatement of . . . taxes"; it is the *municipality* for whose benefit the tax assessment is made which is the proper party adverse to the taxpayer claiming abatement. *Trustees of Thayer Academy v. Board of Assessors of Braintree* and *Trustees of Thayer Academy v. Inhabitants of Town of Braintree* (two cases), 232 Mass. 402, 122 N.E. 410, 411 (1919); *Welch et al. v. City of Boston, Welch et al. v. City of Beverly, Welch et al. v. Inhabitants of Brookline, Welch et al. v. Inhabitants of Milton,* (four cases) 211 Mass. 178, 97 N.E. 893 (1912).

The Massachusetts statutes dealing with tax abatement appeals have been the pattern for the Maine statutes dealing with that subject, as this Court acknowledged in *S. D. Warren Co. v. Inhabitants of Gorham,* 138 Me. 294, 296, 297, 25 A.2d 471 (1942). This fact, prima facie, is strong reason to induce us to follow the Massachusetts cases in interpreting the Maine statutes. When, in addition, we find by our own independent analysis of the salient features of the Maine statutes, as set forth above, that the law announced in the Massachusetts cases would also be a correct exposition of law in Maine, our only reasonable course is to pronounce the law of Maine in agreement with the law of Massachusetts.

We therefore decide that in the Eldridges' tax abatement proceedings before the Lincoln County Commissioners the Assessors selected by the Town of Bristol were not a proper party adversary to the Eldridges and, hence, could have no status to appeal the decision of the Commissioners to the Superior Court or to appeal the decision of the Superior Court to this Court. The municipality, the Town of Bristol, was the proper party entitled to appeal to the Superior Court and thereafter to this Court.

■ Having arrived at this decision only after careful analysis of the Maine statutes and of the Massachusetts statutes and law as the model for the Maine statutes, we overrule the pronouncement in *Blake v. Assessors of Yarmouth,* 152 Me. 321, 129 A.2d 207 (1957), unsupported by analysis, that the municipality for whose benefit the Assessors made the tax assessment cannot "possibly" be proper party to a court appeal regarding a tax abatement and further indicating that the Assessors are the proper party. We also hold erroneous the dictum of seemingly similar import appearing in *McKay Radio & Telegraph Company v. In-*

---

**2.** *S. D. Warren Co., Appellant v. Fritz, et al., Assessors of the Town of Gorham,* 138 Me. 279, 25 A.2d 645 (1942) is in error to the extent that it proceeds on the conception, as stated at p. 286, 25 A.2d at p. 648, that the Gorham Asses-

sors (the appellees in opposition to S. D. Warren Co. appellant) were in opposition as "the authorized officials of the municipality claiming the tax."

*habitants of the Town of Cushing*, 131 Me. 333, 336, 162 A. 783 (1932).[3]

The entry is:

Appeal dismissed; case remanded to the Superior Court with directions that the Superior Court dismiss the action.

ARCHIBALD, J., did not sit.

---

**3.** Since *Dillon v. Johnson*, Me., 322 A.2d 332 (1974) related to the granting of a tax *exemption*, rather than abatement, the decision there that the Assessors were a necessary party is plainly distinguishable. As this Court emphasized in *Dillon, only* the Assessors have authority to grant exemption of property from taxation (in contrast to the power of the County Commissioners as well as the Superior Court to grant the abatement) and, therefore, the Assessors must be a party to any action regarding a tax exemption to enable the court, if necessary, to order the Assessors to grant exemption.

We take note, too, of the case *Kittery Electric Light Co. v. Assessors of the Town of Kittery and Inhabitants of the Town of Kittery*, Me., 219 A.2d 728 (1966) in which this Court, by denying a cross-appeal taken by the Assessors instead of dismissing it, could be taken impliedly to have recognized that the Assessors were a proper party appellant in a tax abatement proceeding. There, however, the Court was not really called upon to address the issue, or to deem it of critical significance, since the Town of Kittery was also a cross-appellant raising exactly the same issues as the Assessors.