TAX ASSESSORS OF the TOWN OF SEBAGO

v.

**Josiah H. DRUMMOND et al.**

Supreme Judicial Court of Maine.

June 11, 1979.

---

Ellsworth T. Rundlett, III (orally), Portland, for plaintiff.

Drummond & Drummond by John B. Emory (orally), Portland, Peter G. Ballou, Asst. Dist. Atty., Portland, for defendants.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, GODFREY and NICHOLS, JJ.

PER CURIAM.

In October, 1977, defendants sought an abatement of their taxes[1] on land situated in the Town of Sebago. *See* 36 M.R.S.A. § 841 (Supp.1978). Unable to gain relief

---

1. Defendants' land was originally assessed at $16,000.

from plaintiffs, defendants filed an appeal with the Cumberland County Commissioners. *See* 36 M.R.S.A. § 844 (Supp.1978). Despite an offer by plaintiffs to halve their original assessment, defendants pushed their appeal with the Commissioners, who finally reduced the assessment to $5,000. From that order, plaintiffs filed a Rule 80B, M.R.Civ.P., appeal in the Superior Court, Cumberland County.

While the appeal was pending in the Superior Court, we rendered our decision in *Assessors, Town of Bristol v. Eldridge*, Me., 392 A.2d 37 (1978), holding that tax assessors were improper parties in the tax abatement proceedings before county commissioners. Relying on that decision, defendants filed a motion to dismiss plaintiffs' appeal. Plaintiffs responded by filing a motion to substitute the Town of Sebago as party plaintiff. Following a hearing on both motions, the presiding Justice denied the motion to substitute and granted the motion to dismiss. From the judgment entered in the Superior Court, plaintiffs now appeal.

We deny the appeal.

Although both parties limit their briefs to the issue of whether a Superior Court Justice has discretion to deny a motion to substitute the sole party plaintiff and, if so, whether it was abused in this case, we find it unnecessary to reach that question. Our decision in *Tax Assessors, Town of Bristol v. Eldridge, supra*, made it clear that tax assessors are improper parties in tax abatement proceedings brought pursuant to 36 M.R.S.A. § 844 (Supp.1978), and thus have no right to appeal the county commissioners' decision to the Superior Court. *Id.* at 40. Therefore, because plaintiff assessors had no right to invoke the Superior Court's jurisdiction, they cannot now argue that an order dismissing their action was improper. *Cf. Dongo v. Banks*, Me., 399 A.2d 574, 575 (1979).

The entry is:

Appeal denied.

Judgment of dismissal affirmed.

DELAHANTY, J., did not sit.