CITY OF ROCKLAND *vs.* INHABITANTS OF HURRICANE ISLE.

Knox.    Opinion November 27, 1909.

*Aliens.  Naturalization.  Judgment.  Record.  Courts.  Jurisdiction.  U. S. Constitution, Art. I, sec. 8.  U. S. Statutes, 1802, chapter 28, sections 1, 3, 2 Stat. 153, 155.  Revised Statutes, U. S., section 2165.*

Under Revised Statutes of the United States, section 2165 (U. S. Comp. Stat. 1901, page 1329), requiring a declaration of intention two years before admission to citizenship, an oath when application for admission is made, and a showing to the court of certain residence in the United States and the particular State, and of good moral character, etc., such prerequisites are matters of proof, and not of jurisdiction, and hence a record of naturalization need not show residence in the State for the required time.

In a naturalization proceeding under Revised Statutes of the United States, section 2165 (U. S. Comp. Stat. 1901, page 1329), the court has power to admit to citizenship or not, depending upon whether the essential facts are proved, and, in either event, the judgment should be recorded.

A record of naturalization must be given the same reasonable intendment of construction that is given records in ordinary cases, and hence such record presupposes proof of the residence required by Revised Statutes of the United States, section 2165 (U. S. Comp. Stat. 1901, page 1329).

Jurisdiction is the right to adjudicate concerning the subject matter in a given case, which depends upon the court's cognizance of the class of cases to which the one to be adjudicated belongs, presence of the proper parties and the point decided being in substance and effect within the issue.

On report.    Judgment for plaintiff.

Action by the plaintiff city to recover of the defendant town the sum of $58.80 for pauper supplies furnished Daniel O'Neil, a naturalized citizen, a short time prior to bringing the action. When the action came on for trial an agreed statement of facts was filed and the case reported to the Law Court for determination.

The case is stated in the opinion.

*Edward K. Gould,* for plaintiff.

*Arthur S. Littlefield,* for defendant.

SITTING : WHITEHOUSE, SAVAGE, SPEAR, CORNISH, KING, BIRD, JJ.

CORNISH, J. . The sole question involved in this case is the sufficiency of the record of naturalization of one Daniel O'Neil, the alleged pauper. Having resided in the defendant town more than five years immediately preceding the date alleged in the writ, his pauper settlement is conceded to be in that town if during said time he was a citizen of the United States.

To prove such citizenship the plaintiff introduced the records of the Supreme Judicial Court for Knox County, Maine, embracing the declaration of intention filed March 28, 1896, also the petition for admission, the oath taken in open court and the judgment of the court all at the December term 1899, the latter reciting that "the said Daniel O'Neil was admitted to become a citizen of the United States of America," and ordering that record thereof be made accordingly.

The defendants attack the sufficiency of this record because it nowhere in terms states that the applicant had resided in this State one year prior to the application, the defendant's legal position being that such residence is requisite in order to give this court any jurisdiction over the cause, and as in naturalization proceedings this court has only a special jurisdiction, not in the course of the common law, but conferred by federal statute, the record must on its face show the existence of all the facts necessary to confer such jurisdiction or it is void.

It is true that the record allegation of one year's residence is wanting but the legal conclusion, pressed by the defendants, by no means follows.

The Federal Constitution confers upon Congress the power "to establish an uniform rule of naturalization." In the exercise of this authority Congress enacted the statute of April 14, 1802, prescribing the conditions of naturalization and conferring jurisdiction upon certain courts among which is unquestionably included the Supreme Judicial Court of Maine. U. S. Rev. Statutes, sec. 2165, provide the method, by which an alien might be admitted to citizenship at the time of the proceedings in question. First, he must make and

file his declaration of intention two years at least prior to his admission. Second, he must at the time of application for admission take the required oath. Third, "It shall be made to appear to the satisfaction of the court admitting such alien that he has resided within the United States five years at least, and within the state or territory where such court is at the time held, one year at least; and that during that time he has behaved as a man of good moral character, attached to the principles of the Constitution of the United States and well disposed to the good order and happiness of the same."

In the case at bar all the required steps were taken but the record fails to show the fact of one year's residence in the State of Maine. It is not necessary, however, that that fact should be recorded. The statute does not require it although it does require a record of the proceedings with reference to the oath. Nor does any rule of law require it. Before an alien can be admitted to citizenship each of the five prerequisites before specified must be proved to the satisfaction of the court. But it is simply a matter of proof and in no way connected with jurisdiction. Jurisdiction of the subject matter is conferred by a statute of the United States and does not depend upon the facts of each particular case, and when an applicant presents himself in court asking for admission, the court then has jurisdiction over the party and over the cause. If the essential facts are proved the court has power to confer citizenship, if not, to deny it and in either event the judgment is valid and should be recorded, *U. S.* v. *Walsh*, 22 Fed. Rep. 644; *In re Bodek*, 33 Fed. 813-817; *State* v. *MacDonald*, 24 Minn. 48-59, and the record of the judgment whether favorable or unfavorable need not recite the facts.

The authorities sustain this position. In *McDaniel* v. *Richards*, 1 McCord. (S. C.) 187, objection was made because the record did not show that the applicant had ever filed his declaration of intention. Held, that the objection was without merit and the court say : "The words that it appeared that the said Richards was duly admissible to the rights of citizenship presuppose that the court was satisfied, first, that he had taken the preliminary oath, second, that he had resided five years in the United States and one year in this

state, third, that he was of good moral character," etc.    In *Campbell* v. *Gordon*, 6 Cranch, 176, the record did not show that the applicant was a man of good moral character.    Held, unnecessary, as "it must be presumed that the court before whom the oath was taken was satisfied as to the character of the applicant."    But this fact is of the same nature as the one year's residence and is made a prerequisite to naturalization.    In *Stark* v. *Chesapeake Ins. Co.*, 7 Cranch, 420, the record did not show any previous declaration of intention, held record admissible.    In *Ritchie* v. *Putnam,* 13 Wend. 524, the record stated that on reading and filing the petition of John Ritchie and certain accompanying affidavits the court made an order admitting Ritchie a citizen of the United States in pursuance of the Acts of Congress, and it was objected that the record failed to state the preliminary steps.    Held, that the judgment of the court admitting the alien to become a citizen is conclusive evidence on that point.

The conclusion reached in these cases is based not only upon sound reason but also upon wise public policy.    Every reasonable intendment of construction should be applied to give effect to a record of naturalization that would be allowed to sustain a record in ordinary cases, and an alien who has complied with all the requirements of law and obtained a certificate of naturalization ought not to be deprived of his privileges on account of some immaterial omission or the inadvertence of a clerk in making up the records.    *Com.* v. *Towle*, 5 Leigh, (Va.) 743.

The fallacy in the defendant's argument is in the misuse of the words, jurisdiction and jurisdictional facts.    It confounds facts giving jurisdiction with evidentiary facts after jurisdiction has been conferred.    As well might a defendant town claim that our court has no jurisdiction in a highway damage suit when the plaintiff is unable to prove the statutory requirement of written notice to the proper officers within fourteen days after the injury.    The court has jurisdiction, but if the plaintiff fails to produce the requisite evidence that this requirement has been complied with, his case fails.    The same distinction applies here.    In every judicial proceeding there are one or more facts which are strictly jurisdictional, the existence of

which is necessary to the validity of the proceedings and without which the act of the court is a mere nullity, as for instance the service of process within the State upon the defendant as in *Prentiss* v. *Parks*, 65 Maine, 559; *Com.* v. *Blood*, 97 Mass. 538; *Morse* v. *Presby*, 25 N. H. 299, all cited by defendants; or a publication in strict conformity with the statute where the property of an absent defendant is sought to be charged, as in *Galpin* v. *Page*, 18 Wall. 350, also cited by the defendants. In such cases the action of the court fails for want of jurisdiction over the person or subject matter. The proceeding is a mere nullity.

But in the case at bar the court had jurisdiction over both the subject matter and the party, the former by Act of Congress, the latter by the presence of the party in court, asking the court to act. "Jurisdiction may be defined to be the right to adjudicate concerning the subject matter in the given case. To constitute this there are three essentials; First, the court must have cognizance of the class of cases to which the one to be adjudged belongs; Second, the proper parties must be present; Third, the point decided must be in substance and effect, within the issue." Words and Phrases, Vol. 4, page 3878, and cases cited. "To have jurisdiction" says Chief Justice Shaw in *Hopkins* v. *Commonwealth*, 3 Met. 460-462, speaking of criminal procedure, "is to have power to inquire into the fact, to apply the law, and to declare the punishment in a regular course of judicial proceeding."

There can be no doubt that the Supreme Judicial Court sitting in Knox County, had jurisdiction of this naturalization petition, inquired into the facts, applied the law and rendered its judgment in a regular course of judicial proceeding.

That judgment stands, and its validity cannot be questioned in the case at bar.

*Judgment for plaintiff for $58.80,*
*with interest from March 2, 1909.*