**Charles DILLON**

**v.**

**Ernest H. JOHNSON, Maine State Tax Assessor; Town of Sumner, Maine, a municipal corporation.**

Supreme Judicial Court of Maine.

July 11, 1974.

Gordon E. Stein, Pine Tree Legal Assistance, Inc., Hallowell, for plaintiff.

John M. Dudley, Asst. Atty. Gen., Augusta, Robert B. Dow, Jr., Norway, for defendants.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

ARCHIBALD, Justice.

This is a complaint brought under the Uniform Declaratory Judgments Act.[1] The purpose of the complaint was to seek a declaration that the "enforcement of the 10-year residency requirement embodied in 36 M.R.S.A. § 653, subd. 1(F)(1) [2] is a de-

[1.] 14 M.R.S.A. §§ 5951–5963.

[2.] "The following estates of veterans are exempt from taxation:

.    .    .    .    .

C. The estates up to the value of $3,500, having a taxable situs in the place of residence, of veterans who served in the Armed Forces of the United States during any federally recognized war period, including the

nial of plaintiff's constitutional rights [sic] to travel and to be afforded the due process and the equal protection of the laws." Since there was no disagreement on the facts, the parties agreed to a report to the Law Court pursuant to Rule 72(b), M.R.C.P., for such final decision as the rights of the parties may require, stipulating that "the sole issue is the pure legal question of the constitutionality of the 10-year residency requirement contained in 36 M.R.S.A. § 653(F)."

Tax exemption was sought for the years 1970, 1971 and 1972 on property owned by the plaintiff in the Town of Sumner which had an assessed valuation of $2,820. The plaintiff first acquired residence in Maine on May 1, 1970. At that time he was "100% totally and permanently disabled from a nonservice connected disability." As certified by the Veterans Administration, the plaintiff had received an honorable discharge on May 9, 1946, from the United States Navy.

*Inter alia* the parties entered into the following stipulation:

"12. The Plaintiff submitted a timely application for a disabled veterans exemption from poll and property taxes pursuant to 36 M.R.S.A. 653 to the Town of Sumner, Maine, for the years 1970, 1971 and 1972.

13. The Plaintiff's exemption applications for the years 1970, 1971 and 1972 were rejected solely because the Plaintiff did not meet the requirements of 36 M.R.S.A. 653–F(1)."

The defendants in this action are the State Tax Assessor and "Town of Sumner, Maine, a municipal corporation." *The tax assessors of the Town of Sumner are not named as parties defendant,* despite the following provision of 36 M.R.S.A. § 653, subd. 1(G):

"Any person who desires to secure exemption under this subsection shall make written application and file written proof of entitlement on or before the first day of April, in the year in which the exemption is first requested, with the assessors of the place in which the person resides. The assessors shall thereafter grant such exemption to any person while he is so qualified and continues a resident of that place or until they are notified of reason or desire for discontinuance."

■ The failure to make the assessors of the Town of Sumner parties defendant deprives the Law Court of jurisdiction to reach the constitutional issue framed by the parties and requires us to discharge the report.

■ The powers and duties of the State Tax Assessor, as specified in 36 M.R.S.A. § 51 et seq., do not include any authority over the assessors of the various cities and towns by which an exemption such as here denied can be mandated. *Young v. Johnson,* 161 Me. 64, 207 A.2d 392, 396 (1965). It is, therefore, clear that the inclusion of the State Tax Assessor as a party defendant does not make the assessors of the Town of Sumner parties to this litigation.

■ Through a long line of cases this Court has defined the position which assessors hold with reference to the municipality which they serve. They have certain responsibilities which are unique and distinct from those of other elected officials. Since their duties are defined by statute

---

Korean Campaign and the Viet Nam War . . . when they are receiving any form of pension or compensation from the United States Government for total disability, service-connected or non-service connected, as a veterans. . . .

.    .    .    .    .

F. To be eligible for exemption under this subsection:
(1) A veteran must have been a resident of this State at the time of his entry into service; or have been a resident of this State for at least 10 years prior to making the claim for exemption . . . . "
36 M.R.S.A. § 653 subd. 1(C), (F)(1).

they are not subject to the direction and control of the municipalities in which they function. Young v. Johnson, *supra*. Although assessors of taxes when selected by a city or town are public officials, there is no such nexus between them and the municipality as will bring into being the relationship of principal and agent. Sears, Roebuck v. Presque Isle, 150 Me. 181, 107 A.2d 475 (1954); McKay Radio & Telegraph Co. v. Inhabitants of Town of Cushing, 131 Me. 333, 162 A. 783 (1932).

■ Conversely, there is no statutory authority for granting a tax exemption conferred on anybody other than assessors. Since assessors are not agents of the municipality and since they are the only persons given the power to exempt property from taxation, certainly the other municipal officers have no right to either grant the exemption or order the assessors to do so. It is thus clear that joining the "Town of Sumner, Maine, a municipal corporation," as a defendant does not make the assessors parties defendant.

Since the assessors have not been made parties to this action, we deem that jurisdiction is lacking over the subject matter of this controversy. Should we decide that the 10-year residency requirement is unconstitutional, we would have no authority to order the assessors to grant the exemption requested since the assessors are not before us.

We held in City of Rockland v. Inhabitants of Hurricane Isle, 106 Me. 169, 173, 76 A. 286, 287 (1909), that jurisdiction required three essentials:

"First, the court must have cognizance of the class of cases to which the one to be adjudged belongs; second, *the proper parties must be present;* third, the point decided must be in substance and effect, within the issue." (Emphasis supplied.)

In a recent decision the Kansas Court reached the same conclusion. Where Kansas law held that only the State Labor Commissioner possessed the authority to authorize the production of certain records and where he was not made a party to the action seeking the production of such records, the Kansas Court stated:

"Failure to name the State Labor Commissioner as a party defendant . . . is fatal to appellant's action. Accordingly, the court lacked jurisdiction over the necessary parties to proceed in the matter."

City of Hutchinson v. Hutchinson, Kan., O.S.E.S., 213 Kan. 399, 406, 517 P.2d 117, 122 (1973).

■ Our conclusion is not changed in any way because neither the parties nor the Court below failed to recognize the jurisdictional defect hereinbefore discussed. The Law Court may always note matters involving its own jurisdiction. Look v. State, 267 A.2d 907 (Me.1970); Stinson v. Taylor, 137 Me. 332, 17 A.2d 760 (1941); Darling Automobile Co. v. Hall, 135 Me. 382, 197 A. 558 (1938).

■ Should we reach and decide the issue reported, absent jurisdiction over the matter in controversy because of the lack of proper parties, we would be rendering a purely advisory opinion, a power which the *Law Court* does not constitutionally possess. In Re Richards, 223 A.2d 827 (Me. 1966); Bodwell-Leighton Co. v. Coffin & Wimple, Inc., 144 Me. 367, 69 A.2d 567 (1949); *see* State v. Michaud, 244 A.2d 801 (Me.1968). In the haste to obtain an interpretation of the constitutional dimensions of a particular statute, litigants should not overlook the necessity of establishing a jurisdictional basis for the requested opinion. Such, we feel, was the case here.

The entry is:

Report discharged.

All Justices concurring.