Richard DALOT

v.

Wanita E. SMITH.

Supreme Judicial Court of Maine.

Argued Nov. 3, 1988.

Decided Dec. 9, 1988.

Walter Hanstein (orally), Edward S. David, Cloutier, Joyce, Dumas & David, P.A., Livermore Falls, for plaintiff.

Clyde Wheeler (orally), Wheeler & Arey, P.A., Waterville, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, CLIFFORD, HORNBY and COLLINS, JJ.

ROBERTS, Justice.

Richard Dalot was injured in a motor vehicle accident on September 22, 1980. He filed a complaint against Wanita E. Smith in Superior Court, Franklin County, on September 10, 1986. Because the defendant was not served with process until October 13, 1987, the court (*Alexander, J.*), dismissed the complaint. On Dalot's appeal, we affirm.

At the hearing on Smith's motion to dismiss, Dalot's counsel explained that he had forwarded the complaint for service by a deputy sheriff and, despite Smith's continued availability, it was not served. No further attempt to procure service was made until more than a year later. The only explanation offered for the delay was that the case "fell through the cracks."

Dalot complains that the court initially based the dismissal on the statute of limitations and laches. Thereafter, on motion for reconsideration, the court expressly relied on an implicit requirement that when an action is commenced by filing pursuant to M.R.Civ.P. 3, service should be made promptly. Although we agree that neither the statute of limitations nor the doctrine of laches are directly applicable, the salutary principles on which those rules are based do have significance in these circumstances.

When we adopted rules patterned after the Federal Rules of Civil Procedure, we continued as appropriate to our legal system the practice of relying on counsel to obtain service of process. The change in Rule 3 was not intended, however, to avoid the necessity of prompt service of process. A leading treatise comments:

> [T]he courts should read into the Maine Rule a requirement that process be deliv-

ered for service 'forthwith' after the filing of the complaint. Excessive or unreasonable delays in service should be a ground for dismissal for insufficiency of process or service under Rule 12(b) except upon a showing of mistake or excusable neglect.

1 Field, McKusick & Wroth, *Maine Civil Practice*, § 4.1 at 58 (2nd ed.1970). Although we have not previously decided the question, we now conclude that excessive or unreasonable delay in service may be a ground for dismissal unless shown to be the result of mistake or excusable neglect. Moreover, our review of the record reveals no error in the court's refusal to find excusable neglect.

The entry is: Judgment affirmed.

All concurring.