William FRIES, II, et al.

v.

Edward CARPENTER et al.

Supreme Judicial Court of Maine.

Argued Nov. 2, 1989.
Decided Dec. 11, 1989.

Robert E. Mittel, Mittel & Hefferan, Portland, John W. Allured (orally), David B. Gold, A Professional Law Corp., San Francisco, Cal., for plaintiffs.

John Kelly, Leland Chisholm, Kelly, Remmel & Zimmerman, Portland, Timothy Carr (orally), Carr & Mussman, San Francisco, Cal., Peter Murray, Murray, Plumb & Murray, Portland, Marvin Frankel (orally), Kramer, Levin, Nessen, Kamin & Frankel, New York City, for defendants.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

GLASSMAN, Justice.

The plaintiffs, William Fries, II, and John Lippitt, appeal from a judgment of the Superior Court (Cumberland County, *Alexander, J.*) granting the motions of the defendants (several corporations and their directors and officers) to dismiss the plaintiffs' complaint for insufficiency of service of process under M.R.Civ.P. 12(b). Because *Dalot v. Smith*, 551 A.2d 448 (Me. 1988), is dispositive of the propriety of the dismissal, the sole issue presented on this appeal is whether the dismissal was with prejudice. We hold that it was not and affirm the judgment.

The record of the hearing of the defendants' motions to dismiss the plaintiffs' complaint discloses the following facts: In 1985, the defendant MAXXAM Group, Inc. through a tender offer acquired substantially all of the stock of a Maine corporation and later merged it into the defendant Pacific Lumber Company, a Delaware corporation. In November 1985, the plaintiffs, who were shareholders in the Maine corporation, brought an action in the Superior Court, Humboldt County, California, seeking to block the tender offer. On October 2, 1987, the California court stayed the California case to permit the plaintiffs, *inter alia*, to bring proceedings in Maine.

On August 19, 1986, the plaintiff Fries had filed a class action complaint against the defendants in the Superior Court, Cumberland County, seeking relief pursuant to 13–A M.R.S.A. § 909 (1981).[1] The defendants first received notice of that action when they were served with a copy of the amended complaint filed by the plaintiffs on July 11, 1988. The amended complaint named John Lippitt as a plaintiff with Fries. In addition to the relief sought under 13–A M.R.S.A. § 909, the plaintiffs also sought damages based on the defendants' alleged fraud, breach of fiduciary duty, conspiracy and negligent misrepresentation. The defendants filed motions to dismiss the complaint on the ground of the insufficiency of the service of process. *See* M.R.Civ.P. 12(b)(5). After a hearing, the trial court found the delay of the service unreasonable and in reliance on *Dalot* granted the defendants' motions to dismiss the plaintiffs' complaint. Neither the parties nor the court addressed the effect of the dismissal. The plaintiffs appeal from the judgment of dismissal contending, *inter alia*, that the dismissal did not operate as an adjudication on the merits of this case.[2]

---

[1] 13–A M.R.S.A. § 909 provides for the right of dissenting shareholders to the fair value of their shares and the procedures to be followed to secure that right.

[2] We have previously determined whether a dismissal is with or without prejudice when that issue has been presented for the first time by an appeal to this court. *See Chute v. Lajoie*, 383 A.2d 653 (Me.1978). To do so promotes judicial economy.

■ In *Dalot,* we affirmed the trial court's order granting the defendant's motion for the dismissal of a complaint filed by Dalot on September 10, 1986 but not served on the defendant until October 13, 1987. We held that when a plaintiff commences an action by filing a complaint pursuant to M.R.Civ.P. 3, a prompt service of process must be obtained.[3] We stated "that excessive or unreasonable delay in service may be a ground for dismissal unless shown to be the result of mistake or excusable neglect." *Id.* at 449. In the instant case, the service of process on the defendants was not effected for approximately two years after the complaint was filed. The plaintiffs made no claim before the trial court nor have they before this court that the delay in the service of the original complaint was by reason of mistake or excusable neglect. Accordingly, we find no error in the dismissal of the complaint.

■■ In *Dalot,* however, we did not address the effect of an involuntary dismissal for insufficiency of service of process. We now hold that the effect of such an involuntary dismissal is governed by M.R. Civ.P. 41(b)(3), which provides:

(3) *Effect.* Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision (b) and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

It is clear from the language of Rule 41(b)(3) that if the court, as here, does not otherwise specify the effect of an involuntary dismissal of a cause of action the dismissal operates as an adjudication on the merits. Accordingly, the dismissal would be with prejudice unless the ground for dismissal falls within the rule's stated exceptions. Nothing in the rule distinguishes between a lack of subject matter jurisdiction and a lack of personal jurisdiction. We have previously stated that jurisdiction consists of three essential elements: "First, the court must have cognizance of the class of cases to which the one to be adjudged belongs; Second, the proper parties must be present; Third, the point decided must be in substance and effect, within the issue." *City of Rockland v. Inhabitants of Hurricane Isle,* 106 Me. 169, 173, 76 A. 286, 287 (1909). *See also Vanasse v. Labrecque,* 381 A.2d 269, 279 (Me.1977); *Dillon v. Johnson,* 322 A.2d 332, 335 (Me.1974). Thus, the issue in the instant case is whether there is a lack of personal jurisdiction of the defendants within the purview of the exception set forth in Rule 41(b)(3) when the complaint has been involuntarily dismissed for insufficiency of service of process under Rule 12(b)(5). We hold that because the plaintiffs failed to make a timely service of process on the defendants personal jurisdiction of the defendants was never secured. *Jackson v. Hayakawa,* 682 F.2d 1344, 1347 (9th Cir.1982) (only proper service will subject defendants to personal jurisdiction of court); *F.T.C. v. Compagnie de Saint-Gobain-Pont-a-Mousson,* 636 F.2d 1300, 1319 (D.C.Cir.1980) (if properly accomplished, service of process confers personal jurisdiction upon court to adjudicate rights of a party); *Peterson v. Sheran,* 635 F.2d 1335, 1337 (8th Cir.1980) (district court had no personal jurisdiction over parties not served); *Attwell v. LaSalle Nat'l Bank,* 607 F.2d 1157, 1159 (5th Cir.1979) (in order for there to be in personam jurisdiction, there must be valid service of process); 2 J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 4.03, at 4–78 (2d ed. 1989). Accordingly, the dismissal of the plaintiffs' complaint did not operate as an adjudication upon the merits of this case.

The entry is:

Judgment of dismissal affirmed and declared to be without prejudice.

---

**3.** At the time of our decision in *Dalot v. Smith,* 551 A.2d 448 (Me.1988), and the decision by the Superior Court in the instant case, M.R.Civ.P. 3 was silent as to the time within which service must be effected after the commencement of an action by filing a complaint. Effective February 15, 1989, M.R.Civ.P. 3 was amended to provide that on proper motion and notice the complaint may be dismissed if the return of service is not filed with the court within 90 days after the filing of the complaint.

McKUSICK, C.J., and ROBERTS, CLIFFORD, HORNBY and COLLINS, JJ., concurring.

WATHEN, Justice, concurring.

I concur in affirming the dismissal. In my judgment, however, the Court's consideration of the effect of that dismissal is advisory. Such a determination should not be made until a subsequent action has been filed. Only then is a live controversy presented.