STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-00-184
DHM-KEN - 3/8/2001

CANDY L. BICKFORD,

Plaintiff

v.                                              ORDER

THE ESTATE OF ALBERT
SEVERANCE,

Defendant

This matter is before the court on defendant's motion to dismiss. Defendant alleges that plaintiff has failed to comply with M.R. Civ. P. 3. where the return of service was not filed with the court within 90 days after filing of the complaint.

The complaint alleges negligence in a motor vehicle accident occurring on September 5, 1994. The decedent was contacted by plaintiff's counsel in October of 1994. The decedent passed away in April of 1997. The complaint was filed with the court on September 5, 2000. The complaint and summons was served on the defendant on December 4, 2000, and filed with the clerk on December 13, 2000.

M.R. Civ. P. 3 provides that when a civil action is commenced by filing a complaint with the court, the return of service "shall be filed with the court within 90 days after the filing of the complaint." The plaintiff filed the return of service nine days late. The defendant correctly relies on three cases for the proposition that without a showing of mistake or excusable neglect, the plaintiff's complaint should be dismissed. *See Qualey v. Secretary of State*, 628 A.2d 1035, 1037 (Me. 1993); *Fries v. Carpenter*, 567 A.2d 437, 439 (Me. 1989); *Dalot v. Smith*, 551 A.2d 448, 449 (Me. 1988).

The plaintiff responds in a one-paragraph opposition that without a showing of prejudice, the motion to dismiss should be denied. She focuses on the assertion that service was made within 90 days of filing the complaint.

The burden is on the plaintiff to show mistake or excusable neglect. The plaintiff has failed to do this in her opposition memorandum. Instead, she tries to place the burden of a showing of prejudice on the defendant. This is contrary to the rule.

The entry will be:

Defendant's motion to dismiss is GRANTED; the complaint is DISMISSED for lack of jurisdiction in this court; in accordance with M.R. Civ. P. 41, this dismissal is with prejudice.

Dated: March ___, 2001

Donald H. Marden
Justice, Superior Court

Date Filed __9/5/00__ __Kennebec__ Docket No. __CV00-184__
County

Action __Auto Negligence__

# J. MARDEN

__Candy L. Bickford__  vs.  __The Estate of Albert Severance__

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Ronald L. Bishop, Esq.<br>PO Box 34<br>Waterville, Maine 04903 | Christopher C. Dinan, Esq.  (12/15/00)<br>95 Exchange Street<br>P.O. Box 04112-7046 |

| Date of Entry | |
|---|---|
| 9/7/00 | Complaint, filed. s/Bishop, Esq.  (filed 9/5/00)<br>Case File Notice mailed to atty. |
| 12/13/00 | Original Summons with service made on Alice Severance on 12/4/00, filed. |
| 12/15/00 | Answer, filed. s/Dinan, Esq.<br>Motion to Dismiss, filed. s/Dinan, Esq.<br>Request for Hearing on Motion, filed. s/Dinan, Esq.<br>Rule 7(b)(3) Notice to all Parties, filed. s/Dinan, Esq. |
| 12/15/00 | SCHEDULING ORDER, Marden, J.<br>"Scheduling Order filed.  Discovery deadline is August 15, 2001."<br>Copies mailed to attys of record. |
| 1/5/00 | Opposition to Motion to Dismiss, filed. s/Bishop, Esq |
| 1/17/01 | Reply Memorandum in Support of Defendant's Motion to Dismiss, filed.<br>s/Dinan, Esq.<br>Notification of Discovery Service, filed. s/Dinan, Esq.<br>Interrogatories Propounded to Plaintiff and Request for Production of<br>Documents served on Ronald Bishop, Esq. on 1/10/01. |
| ******* | Jury Trial Fee Paid. |
| 3/6/01 | Parties waived oral arguments-court to decide on memos. |
| 3/12/01 | ORDER, Marden, J. (dated 3/8/01)<br>Defendant's motion to dismiss is GRANTED; the complaint is DISMISSED for<br>lack of jurisdiction in this court; in accordance with M.R.Civ.P. 41, this<br>dismissal is with prejudice.<br>Copies mailed to attys of record.<br>Copies mailed to Deborah Firestone, Garbrecht Library and Goss. |