STATE OF MAINE

KENNEBEC, ss.

ROBERT H. LORD COMPANY,

       Plaintiff

   v.

KEITH KLEIN, et al.,

       Defendants

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-03-31
DHM - KEN - 12/23/2004

DECISION AND ORDER

JAN 4 2005

This matter is before the court on Defendants James L. Meader and J & K Builders' motion to dismiss pursuant to M.R. Civ. P. 3; and Plaintiff Robert H. Lord Company's motion to compel mediation and to impose sanctions and attorney fees.

The present dispute arises out of an alleged contract to supply and install bleachers in the field house at Camp Laurel in Mount Vernon, Maine. Plaintiff Robert H. Lord Co. (hereinafter "the Plaintiff" or "RHL") asserts that on or about January 30, 2003, it entered into a contract with Defendant James Meader, as principal of Defendant J & K Builders (hereinafter "the Defendants" or "Meader and J & K"). RHL avers that although it has performed all of its obligations, the Defendants have breached the contract by failing to make timely payments for the work performed. Specifically, RHL asserts that it is still owed $19,626.75 on the contract, exclusive of fees, interest, and costs[1].

---

[1] At present, it appears that the amount in dispute between the parties has been reduced to around $10,000 In addition to the breach of contract claim asserted against Meader and J & K, RHL's complaint also includes a claim for foreclosure of a mechanics' lien against Keith Klein, et al., d/b/a Camp Laurel for the same amount allegedly due from the Defendants. Apparently, RHL and Camp Laurel reached a settlement in the spring of 2004 whereby RHL repossessed the bleachers and also received the sum of $11,000.00. Thereafter, all originally named defendants other than Meader and J & K were dismissed from the action pursuant to a M.R. Civ. P. 41(a) notice of dismissal, filed by the Plaintiff on October 21, 2004.

The Plaintiff filed its complaint on November 4, 2003, but did not serve Meader or J & K with process until nearly a year later, on October 23, 2004. The present motion to dismiss was filed on October 18, 2004.

Rule 3 of the Maine Rules of Civil Procedure reads as follows:

> Except as otherwise provided in these rules, a civil action is commenced (1) by the service of a summons and complaint, or (2) by filing a complaint with the court. When method (1) is used, the complaint must be filed with the court within 20 days after completion of service. When method (2) is used, the return of service shall be filed with the court within 90 days after the filing of the complaint. If the complaint or the return of service is not timely filed, the action may be dismissed on motion and notice, and in such case the court may, in its discretion, if it shall be of the opinion that the action was vexatiously commenced, tax a reasonable attorney fee as costs in favor of the defendant, to be recovered of the plaintiff or the plaintiff's attorney.

M.R. Civ. P. 3. Maine courts should read into this rule "a requirement that process be delivered for service 'forthwith' after the filing of the complaint. Excessive or unreasonable delays in service should be a ground for dismissal for insufficiency of process or service under Rule 12(b) except upon a showing of mistake or excusable neglect". *Dalot v. Smith*, 551 A.2d 448, 448-49 (Me. 1988) (citing 1 Field, McKusick & Wroth, *Maine Civil Practice* § 4.1 at 58 (2d ed. 1970)); *See also, Town of Ogunquit v. Dep't. of Public Safety*, 2001 ME 47, ¶ 10, 767 A.2d 291, 294.

The effect of an involuntary dismissal for insufficiency of service of process is governed by M.R. Civ. P. 41(b)(3). *See Fries v. Carpenter*, 567 A.2d 437, 439 (Me. 1989). Rule 41(b)(3) provides that "[u]nless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision (b) and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits". M.R. Civ. P. 41(b)(3). Put another way, "if the court [] does not otherwise specify the effect of an involuntary dismissal of a cause of action the dismissal operates as an adjudication

on the merits. Accordingly, the dismissal would be with prejudice unless the ground for dismissal falls within the rule's stated exceptions". *Fries*, 567 A.2d at 439.

The Defendants argue that the present matter should be dismissed with prejudice for the Plaintiff's failure to serve the complaint in a timely fashion pursuant to Rule 3. Also, since, in their view, this litigation was vexatiously commenced, the Defendants seek an order directing the Plaintiff to pay all attorneys' fees and costs incurred by them in this matter. In support of their position on this latter point, Meader and J & K point out that the Plaintiff insists on pursuing claims against them when it has already recovered the bleachers and $11,000.00 pursuant to a settlement agreement entered into with the other originally named defendants. Moreover, the Defendants note that the Plaintiff has failed to discharge a mechanics' lien filed in relation to this matter, and that it has moved for sanctions against Defendants' counsel.

In response, the Plaintiff first contends that there is no authority for dismissing a case with prejudice based on lack of service of process. In addition, given that the dispute involves less than $10,000.00, RHL asserts that it did not serve the Defendants with process because the matter was set for mediation, and Plaintiff's counsel did not wish to impose that expense on his client if it was not necessary.

In light of the authority cited above, and contrary to the Plaintiff's position, it appears that the Court can dismiss a complaint with prejudice for failure of service of process. In *Fries*, the Law Court determined that where a plaintiff fails to make timely service of process, personal jurisdiction of the defendant is never obtained. *See Id.* Moreover, the Law Court held that an involuntary dismissal for failure of service of process pursuant to M.R. Civ. P. 12(b)(5) is to be treated like a dismissal for lack of jurisdiction when applying the exception in Rule 41(b)(3). That exception provides that where the Court does not specify the effect of an involuntary dismissal, that dismissal

will not operate as an adjudication upon the merits. However, Rule 41(b)(3) does not prohibit the Court from specifically stating that a dismissal for lack of jurisdiction is with prejudice, effectively bypassing the exception. Furthermore, the Plaintiff's proffered reason for not effecting service can hardly be characterized as excusable neglect. Although the economic impact of litigation on clients is something that all attorneys need to keep in mind, RHL's own brief reveals that mediation was not set up until August of 2004, nearly nine months after filing the complaint. Thus, Plaintiff's counsel has offered no explanation for why it allowed the 90-day window provided in Rule 3 to close, and then waited another six months on top of that before deciding to zealously prosecute this case.

On the issue of attorneys' fees and costs, the Court is not persuaded that this case was vexatiously commenced. The mechanics' lien does not encumber property in which the Defendants have any interest. Likewise, the other reasons cited by the Defendants do not warrant the relief sought.

The Plaintiff seeks an order directing the Defendants to engage in mediation and imposing sanctions and attorneys' fees against the Defendants and their counsel for unilaterally canceling a mediation scheduled for October 5, 2004. In support of its position, RHL notes that Defendants' counsel had not returned phone calls regarding rescheduling the mediation as of the filing of this motion. Counsel for RHL also points out that the Court sanctioned him in September of 2004 for failing to comply with the scheduling order in setting up mediation. The Plaintiff also asserts that Defendants' unilateral cancellation of the scheduled mediation is merely a ploy to derail the settlement process.

In response, the Defendants deny that they cancelled the scheduled mediation for any inappropriate reason. Moreover, Defendants' counsel asserts that he was

legitimately tied up with a criminal matter recently taken on, and that he had to attend a protection from abuse matter on the morning of October 5th. Additionally, the Defendants state their opinion that because the case had not been properly formalized pursuant to the Maine Rules of Civil Procedure, in their view this was not a court mandated mediation.

The Court agrees that the Defendants' motion to dismiss should be granted. Plaintiff's motion to compel and to impose sanctions is moot. The Plaintiff is also without recourse with regard to sanctions and fees. The Defendants were never subject to the jurisdiction of this Court until October 23, 2004, when they were served with process. Hence, the terms of the scheduling order mandating mediation did not impose any obligation whatsoever upon Meader or J & K, even though RHL, who had subjected itself to the Court's jurisdiction, was bound thereby. Thus, although it may have been impolite for Defendants' counsel to cancel mediation on short notice, this Court must refrain from penalizing them in this instance.

The entry will be:

> Defendants' Motion to Dismiss is GRANTED, request for costs and fess is DENIED; plaintiff's complaint is DISMISSED with prejudice; plaintiff's request for attorney's fees and costs is DENIED.

Dated: December___23___, 2004

Donald H. Marden
Justice, Superior Court

ROBERT H LORD COMPANY, INC. - PLAINTIFF
220 CHAPEL ROAD
MANCHESTER ME 04351
Attorney for: ROBERT H LORD COMPANY, INC.
DANA STROUT  - RETAINED 11/04/2003
RUBIN & STROUT, PA
480 WEST STREET
ROCKPORT ME 04856


vs
KEITH KLEIN  - DEFENDANT

Attorney for: KEITH KLEIN
SEAN FARRIS  - RETAINED
FARRIS HESELTON LADD & BOBROWIECKI, PA
251 WATER STREET
PO BOX 120
GARDINER ME 04345-0120


S & K PROPERTIES - DEFENDANT

Attorney for: S & K PROPERTIES
SEAN FARRIS  - RETAINED
FARRIS HESELTON LADD & BOBROWIECKI, PA
251 WATER STREET
PO BOX 120
GARDINER ME 04345-0120


COASTAL CAMPS, INC. - DEFENDANT

Attorney for: COASTAL CAMPS, INC.
SEAN FARRIS  - RETAINED
FARRIS HESELTON LADD & BOBROWIECKI, PA
251 WATER STREET
PO BOX 120
GARDINER ME 04345-0120


CAMP LAUREL - DEFENDANT

Attorney for: CAMP LAUREL
SEAN FARRIS  - RETAINED
FARRIS HESELTON LADD & BOBROWIECKI, PA
251 WATER STREET
PO BOX 120
GARDINER ME 04345-0120


JAMES L MEADER  - DEFENDANT
J & K BUILDERS 187 TOWNHOUSE RD.
VIENNA ME 04360
Attorney for: JAMES L MEADER
SEAN FARRIS  - RETAINED
FARRIS HESELTON LADD & BOBROWIECKI, PA
251 WATER STREET
PO BOX 120
GARDINER ME 04345-0120

SUPERIOR COURT
KENNEBEC, ss.
Docket No  AUGSC-RE-2003-00031


DOCKET  RECORD

J & K BUILDERS - DEFENDANT


Attorney for: J & K BUILDERS
SEAN FARRIS   - RETAINED
FARRIS HESELTON LADD & BOBROWIECKI, PA
251 WATER STREET
PO BOX 120
GARDINER ME 04345-0120



Filing Document: COMPLAINT                    Minor Case Type: MECHANICS LIENS
Filing Date: 11/04/2003

## Docket Events:

11/04/2003 FILING DOCUMENT - COMPLAINT FILED ON 11/04/2003
           Plaintiff's Attorney:  DANA STROUT


11/04/2003 Party(s):  ROBERT H LORD COMPANY, INC.
           ATTORNEY - RETAINED ENTERED ON 11/04/2003
           Plaintiff's Attorney: DANA STROUT


11/04/2003 CERTIFY/NOTIFICATION - CLERK CERTIFICATE ISSUED ON 11/04/2003
           MICHELE  GARWOOD , ADMINISTRATIVE CLERK
           ATTESTED COPY GIVEN IN HAND


03/23/2004 ORDER - SCHEDULING ORDER ENTERED ON 03/23/2004
           DONALD H MARDEN , JUSTICE


03/23/2004 DISCOVERY FILING - DISCOVERY DEADLINE ENTERED ON 11/23/2004


09/07/2004 ORDER - ORDER FAIL FILE ADR REPORT ENTERED ON 09/03/2004
           DONALD H MARDEN , JUSTICE
           ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
           PARTIES/COUNSEL
                                                   SANCTIONS OF $75.00 IMPOSED. SANCTIONS
           PAID 9/17/04.

09/10/2004 Party(s):  ROBERT H LORD COMPANY, INC.
           MOTION - MOTION FOR RELIEF FILED ON 09/10/2004
           Plaintiff's Attorney:  DANA STROUT
           RESPONSE TO ORDER FOR FAILURE TO REPORT ADR CONFERENCE AND MOTION FOR RELIEF FROM ORDER.

09/14/2004 Party(s):  ROBERT H LORD COMPANY, INC.
           MOTION - MOTION FOR RELIEF DENIED ON 09/10/2004
           DONALD H MARDEN , JUSTICE
           COPIES TO PARTIES/COUNSEL

09/17/2004 ASSIGNMENT - SINGLE JUDGE/JUSTICE ASSIGNED TO JUSTICE ON 03/23/2004
           DONALD H MARDEN , JUSTICE

10/08/2004 Party(s):  ROBERT H LORD COMPANY, INC.
           MOTION - MOTION TO COMPEL FILED ON 10/07/2004
           Plaintiff's Attorney:  DANA STROUT

MOTION TO COMPEL MEDIATION AND TO IMPOSE SANCTIONS AND ATTORNEY FEE WITH PROPOSED ORDER

10/18/2004 Party(s): KEITH KLEIN
ATTORNEY - RETAINED ENTERED ON 10/18/2004
Defendant's Attorney: SEAN FARRIS

10/18/2004 Party(s): S & K PROPERTIES
ATTORNEY - RETAINED ENTERED ON 10/18/2004
Defendant's Attorney: SEAN FARRIS

Party(s): COASTAL CAMPS, INC.
ATTORNEY - RETAINED ENTERED ON 10/18/2004
Defendant's Attorney: SEAN FARRIS

Party(s): CAMP LAUREL
ATTORNEY - RETAINED ENTERED ON 10/18/2004
Defendant's Attorney: SEAN FARRIS

Party(s): JAMES L MEADER
ATTORNEY - RETAINED ENTERED ON 10/18/2004
Defendant's Attorney: SEAN FARRIS

10/18/2004 Party(s): J & K BUILDERS
ATTORNEY - RETAINED ENTERED ON 10/18/2004
Defendant's Attorney: SEAN FARRIS

10/18/2004 Party(s): KEITH KLEIN,S & K PROPERTIES,COASTAL CAMPS, INC.,CAMP LAUREL,JAMES L MEADER,J & K
BUILDERS
OTHER FILING - OPPOSING MEMORANDUM FILED ON 10/18/2004
ANSWER TO PLAINTIFF'S MOTION TO COMPEL MEDIATION AND TO IMPOSE SANCTIONS AND ATTORNEY
FEES, FILED.

10/18/2004 Party(s): KEITH KLEIN,S & K PROPERTIES,COASTAL CAMPS, INC.,CAMP LAUREL,JAMES L MEADER,J & K
BUILDERS
MOTION - MOTION TO DISMISS FILED ON 10/18/2004
DEFENDANTS' MOTION TO DISMISS WITH ATTACHMENT AND PROPOSED ORDER, FILED.

10/21/2004 Party(s): KEITH KLEIN,S & K PROPERTIES,COASTAL CAMPS, INC.,CAMP LAUREL
FINDING - PARTIAL DISMISSED W/ PREJUDICE ENTERED ON 10/21/2004
Plaintiff's Attorney: DANA STROUT
AGAINST KEITH KLEIN, S&K PROPERTIES, COASTAL CAMPS, INC., CAMP LAUREL

10/21/2004 Party(s): ROBERT H LORD COMPANY, INC.
OTHER FILING - REPLY MEMORANDUM FILED ON 10/21/2004
Plaintiff's Attorney: DANA STROUT
REPLY TO DEFENDANT'S ANSWER TO PLAINTIFF'S MOTION TO COMPEL AND TO IMPOSE SANCTIONS AND
ATTOREYS FEES

11/08/2004 Party(s): JAMES L MEADER
SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 10/23/2004
ORIGINAL SUMMONS WITH RETURN SERVICE MADE UPON JAMES MEADER

11/08/2004 Party(s): J & K BUILDERS

SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 10/23/2004
ORIGINAL SUMMONS WITH RETURN SERVICE MADE UPON J&K BUILDERS

11/08/2004 Party(s):  ROBERT H LORD COMPANY, INC.
           OTHER FILING - OPPOSING MEMORANDUM FILED ON 10/21/2004
           Plaintiff's Attorney:  DANA STROUT
           ANSWER TO DEFENDANTS' MOTION TO DISMISS, FILED.

11/12/2004 Party(s):  JAMES L MEADER,J & K BUILDERS
           RESPONSIVE PLEADING - ANSWER & COUNTERCLAIM FILED ON 11/12/2004

11/18/2004 Party(s):  ROBERT H LORD COMPANY, INC.
           RESPONSIVE PLEADING - REPLY/ANSWER TO COUNTERCLAIM FILED ON 11/18/2004
           Plaintiff's Attorney:  DANA STROUT
           ANSWER TO COUNTERCLAIM, FILED.

12/22/2004 Party(s):  KEITH KLEIN,S & K PROPERTIES,COASTAL CAMPS, INC.,CAMP LAUREL,JAMES L MEADER,J & K
                      BUILDERS
           MOTION - MOTION TO DISMISS UNDER ADVISEMENT ON 12/21/2004
           DONALD H MARDEN , JUSTICE

12/22/2004 Party(s):  ROBERT H LORD COMPANY, INC.
           MOTION - MOTION TO COMPEL UNDER ADVISEMENT ON 12/21/2004
           DONALD H MARDEN , JUSTICE

12/22/2004 HEARING - MOTION TO DISMISS HELD ON 12/21/2004
           DONALD H MARDEN , JUSTICE
           Plaintiff's Attorney:  DANA STROUT          Reporter: PEGGY STOCKFORD
           HEARING HELD ON MOTION TO DISMISS AND PLAINTIFF'S MOTION TO COMPELL MEDIATION COURT TO
           ISSUE ORDER.

12/27/2004 Party(s):  KEITH KLEIN,S & K PROPERTIES,COASTAL CAMPS, INC.,CAMP LAUREL,JAMES L MEADER,J & K
                      BUILDERS
           MOTION - MOTION TO DISMISS GRANTED ON 12/23/2004
           DONALD H MARDEN , JUSTICE
           COPIES TO PARTIES/COUNSEL                                          DEFENDANTS'
           MOTION TO DISMISS IS GRANTED, REQUEST FOR COSTS AND FEES IS DENIED; PLAINTIFF'S COMPLAINT
           IS DISMISSED WITH PREJUDICE AND PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES AND COSTS IS
           DENIED.

12/30/2004 FINDING - JUDGMENT DETERMINATION ENTERED ON 12/23/2004
           DONALD H MARDEN , JUSTICE
           ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
           PARTIES/COUNSEL

12/30/2004 ORDER - COURT JUDGMENT ENTERED ON 12/23/2004
           DONALD H MARDEN , JUSTICE
           ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
           PARTIES/COUNSEL
           Judgment entered on COUNT 1 for JAMES L MEADER, J & K BUILDERS and against ROBERT H LORD
           COMPANY, INC..

12/30/2004 FINDING - FINAL JUDGMENT CASE CLOSED ON 12/30/2004

12/30/2004 Party(s):  ROBERT H LORD COMPANY, INC.
            MOTION - MOTION TO COMPEL MOOT ON 12/23/2004


A TRUE COPY
ATTEST:  _____
                     Clerk

Printed on: 12/30/2004

                                                      AUGSC-RE-2003-00031
                                                      DOCKET RECORD