STATE OF MAINE                          SUPERIOR COURT
CUMBERLAND, ss.                         CIVIL ACTION
                                        DOCKET NO: CV-07-342,
                                        RAC -CUM- 12/13/2007

RANDALL MALE and
MILO ENTERPRISES, INC.,

            Plaintiffs,
                                        **ORDER ON DEFENDANT**
      v.                                **CAMBRIDGE ASSOCIATES**
                                        **HOLDING CORPORATION'S**
                                        **MOTION TO DISMISS**
MICHAEL A. LIBERTY and
CAMBRIDGE ASSOCIATES HOLDING
CORPORATION,

            Defendants.


This matter comes before the Court on Defendant Cambridge Associates

Holding Corporation's motion to dismiss pursuant to M.R. Civ. P. 3, 4, and

12(b)(5) & (2)for Insufficiency of Service.

## BACKGROUND

The issues before the Court arise out of a claim by Plaintiffs Randall Male

and Milo Enterprises, Inc., (collectively "Plaintiffs") against Michael A. Liberty

(Liberty) and Cambridge Associates Holding Corporation (CAHC) (collectively

"Defendants"). The claim, filed on June 18, 2007, seeks monies due under several

service contracts between Plaintiffs and Defendants.

The Complaint was served on both Defendants by Cumberland County

Sheriff leaving copies of a summons and complaint at Liberty's residence.

Liberty swears that he is neither agent, officer nor shareholder of CAHC. CAHC

moves to dismiss because Plaintiffs have failed to effect service pursuant to M.R.

Civ. P. 4(d)(9).

1

# DISCUSSION

## I.     Is Dismissal Warranted for Insufficiency of Service?

The Maine Rules of Civil Procedure provide specific rules for service on a foreign Corporation.[1]  M.R. Civ. P. 4(d)(9).  Should service not be effected according to the Rule, dismissal is warranted.  M.R. Civ. P. 12(b)(5).

In this case, CAHC was served by sheriff at the residence of Michael Liberty.  Liberty swears, by affidavit, that he is not an agent, director or officer of the corporation.  Consequently, service was insufficient under the rules.

## II.     If Dismissal is Granted Should it Be With or Without Prejudice?

As a matter of law, the Law Court has held that the effect of an involuntary dismissal for insufficiency of service of process is governed by M.R. Civ. P. 41(b)(3).  *Fries v. Carpenter*, 567 A.2d 437, 439 (Me. 1989).   Insufficiency of service, the Court concluded, fails to subject a defendant to the personal jurisdiction of the court, thus bringing the action within an exception set forth in Rule 41(b)(3).  *Id. (citing Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1882)).  Consequently, involuntary dismissal for insufficiency of service of process must be dismissed without prejudice as a matter of law.  *Id.*

---

[1] Personal service. . . shall be made as follows:
(9) Upon a corporation established under the laws of any other state or country (a) by delivering a copy of the summons and of the complaint to any officer, director or agent, or by leaving such copies at an office or place o f business of the corporation within the state; or (b) by delivering a copy of the summons and of the complaint to any agent or attorney in fact authorized by appointment or by statute to receive or accept service on behalf of the corporation, provided that any further notice required by the statute shall also be given. In this case, Lo admits that the Complaint was filed on July 14, 2006 and that service has not yet occurred.

M.R. Civ. P. 4(d)(9).

2

**Therefore, the entry is:**

Defendant Cambridge Associates Holding Corporation's Motion to Dismiss is GRANTED without prejudice.

The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated at Portland, Maine this _12th_ day of _December_, 2007

Roland A. Cole
Justice, Superior Court

3

)F COURTS
and County
Box 287
ine 04112-0287

*Plaintiff*

LOLA LEA ESQ
22 ARNOLD ROAD
FREEPORT ME 04032

F COURTS
and County
Box 287
ine 04112-0287

*Defendant*

MICHAEL NELSON ESQ
PO BOX 4510
PORTLAND ME 04112