Berman v. Berman & Simmons, P.A., CV-09-285 (Superior Ct. Cumberland)

Before the court is defendant's motion pursuant to M.R.Civ.P. 3 to dismiss the complaint because plaintiff failed to file a return of service within 90 days after the filing of the complaint.

The complaint was filed on May 13, 2009 and there is no record that a return of service was filed until August 12, 2009 – 91 days after the filing of the complaint.

In connection with the instant motion, the parties have submitted various affidavits setting forth the following facts:

1. Before any litigation was commenced, defendant was aware of the possibility of litigation. A charge of discrimination had been filed with the Maine Human Rights Commission, and the Commission had issued a "right to sue" letter on May 15, 2008, almost a year before this action commenced.

2. After the complaint was filed on May 13, 2009, the first effort to serve the complaint and the first time defendant learned that a lawsuit had actually been filed was on August 4, 2009. On that date counsel for plaintiff sent and emailed a copy of the complaint to counsel for defendant and requested that counsel for defendant agree to accept service.[1]

3. Counsel for defendant signed an acknowledgment of service on August 7, 2009 and mailed it back to counsel for plaintiff the same date.

4. The court file contains a letter from plaintiff's counsel dated August 10, 2009, transmitting the acknowledgment of service to the clerk's office. The clerk's office received that letter by August 12, 2009, and the acknowledgment of service was docketed on that date.

Discussion

Rule 3 of the Maine Rules of Civil Procedure provides in pertinent part that when an action is commenced by the filing of a complaint,

> the return of service shall be filed with the court within 90
> days after the filing of the complaint. If the complaint or the
> return of service is not timely filed, the action may be
> dismissed on motion and notice . . . .

Defendant forcefully argues that even though the return of service was only filed one day late, plaintiff missed the deadline and should not be given the benefit of an extension unless he can establish excusable neglect within the meaning of M.R.Civ.P.

---

[1] Counsel for defendant had previously informed to plaintiff's counsel that counsel was authorized to accept service. The last prior communication on that subject, however, appears to have occurred almost a year before the complaint was filed and more than 14 months before August 4, 2009.

6(b). Defendant also argues that, under the circumstances recited above, plaintiff has not and cannot demonstrate excusable neglect.

If excusable neglect were required here, the court agrees that it may be difficult to find. However, the court concludes that plaintiff is not required to show excusable neglect for the one-day delay in filing a return of service in this case. This is true for two reasons.

First, while the acknowledgment of service was not docketed until August 12 and probably was not received until that date, neither the acknowledgement of service nor plaintiff's August 10, 2009 transmittal letter was date stamped by the clerk's office. This oversight means that it is impossible to be certain that the acknowledgment of service was not received on August 11, 2009 even though it may not have been docketed until the following day. Filing on August 11 would have been timely. Although it is standard procedure for the clerk's office to make a docket entry on the same day that a pleading is received, this does not always happen, and the clerk's office cannot certify that there was not a delay in this case.

Second, the primary purpose of Rule 3 is to require that <u>service</u> be made within 90 days. "Excessive or unreasonable delay in service may be a ground for dismissal unless shown to be the result of mistake or excusable neglect." <u>Jackson v. Borkowski</u>, 627 A.2d 1010, 1012 (Me. 1993), quoting <u>Fries v. Carpenter</u>, 567 A.2d 437, 439 (Me. 1989); <u>Dalot v. Smith</u>, 551 A.2d 448, 449 (Me. 1988). In this case service was effected within the 90 day period.

While the return of service may have been filed one day late, the requirement that proof of service be filed within 90 days is primarily informational – to apprise the court whether timely service has been made. Missing that deadline by one day, when service has in fact been timely made, is a minor transgression that does not justify the dismissal of a lawsuit, especially where there is no prejudice to the defendant. <u>See</u> <u>Jackson v. Borkowski</u>, 627 A.2d at 1013.

The entry shall be:

Defendant's motion to dismiss is denied. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: December _10_ , 2009

Thomas D. Warren
Justice, Superior Court

2

C M BERMAN VS BERMAN AND SIMMONS PA

UTN:AOCSsr  -2009-0051857                              CASE #:PORSC-CV-2009-00285

---

01 0000002203          KAYATTA, WILLIAM J JR
    ONE MONUMENT SQUARE PORTLAND ME 04101
    F      BERMAN AND SIMMONS PA                    DEF        RTND    09/11/2009

02 0000007334          WEBBERT, DAVID G
    160 CAPITOL ST PO BOX 79 AUGUSTA ME 04332-0079
    F      C MARTIN BERMAN                          PL         RTND    05/13/2009

03 0000009629          RAND, KATHARINE I
    ONE MONUMENT SQUARE PORTLAND ME 04101
    F      BERMAN AND SIMMONS PA                    DEF        RTND    09/11/2009