MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2014 ME 127
Docket:        Kno-14-38
Submitted
 On Briefs:    July 30, 2014
Decided:       November 13, 2014

Panel:         SAUFLEY, C.J., and ALEXANDER, SILVER, GORMAN, and JABAR, JJ.

DAVID G. FLEMING

v.

DEPARTMENT OF CORRECTIONS et al.

SAUFLEY, C.J.

[¶1] David G. Fleming, a prisoner at the Maine State Prison, appeals from a judgment entered in the Superior Court (Knox County, *Hjelm, J.*) dismissing without prejudice Fleming's complaint seeking review of a decision of the Department of Corrections because Fleming failed to file proof of service of his petition for review of agency action. *See* 5 M.R.S. § 11003 (2013). We affirm the judgment.

## I. BACKGROUND

[¶2] In May 2013, Fleming filed a complaint in the Superior Court petitioning for review of a decision by the Department of Corrections not to return items to him that he claims were stolen from him and then discovered in another prisoner's cell. *See* 5 M.R.S. § 11001 (2013); M.R. Civ. P. 80C. Because of

2

Fleming's limited financial resources, the court granted Fleming's application to proceed in forma pauperis. *See* 4 M.R.S. § 1058 (2013). Fleming paid an initial partial filing fee as required by the court and proceeded with the complaint. *See id.*

[¶3] In July 2013, Fleming moved for the court to effect service of process on the Department and the Department agents he named as co-defendants in the complaint. On August 2, the court denied the motion, noting that an Assistant Attorney General had informed the court that she would accept service for all defendants. The court directed Fleming to file proof of service within thirty days after the date of the order. Thus, the deadline for filing proof of service was extended to September 2, 2013.

[¶4] In mid-August, Fleming moved for the court to send a copy of the complaint to him and to the identified Assistant Attorney General because he had been in segregation at the prison and lacked access to legal documents or a photocopier. He also requested a thirty-day extension of time to effect service. The court denied the motion to the extent that Fleming sought service by the court, but the court granted Fleming additional time to file proof of service by October 31, 2013.

[¶5] Fleming moved for reconsideration on October 8. On November 12, the court denied his motion but extended the deadline for filing a return of service to twenty days after the date of the order. The deadline was thereby extended to

December 2, 2013. The court stated in its order that Fleming could file an amended complaint and return of service by that deadline if he chose. *See* M.R. Civ. P. 15(a). The court ordered, "No further enlargements of time will be granted."

[¶6] Fleming filed an amended complaint on December 2, 2013, within the time allowed by the November 12 order, but he did not file any proof of service demonstrating compliance with 5 M.R.S. § 11003. On December 6, 2013, the court dismissed Fleming's complaint without prejudice. Fleming moved for reconsideration, but the court denied his motion. Fleming appealed to us.

## II. DISCUSSION

[¶7] We review a court's decision to dismiss a complaint due to insufficient service of process for an abuse of discretion. *See Maguire Constr., Inc. v. Forster*, 2006 ME 112, ¶ 8, 905 A.2d 813 (reviewing the sufficiency of service of process pursuant to the Rules of Civil Procedure); *see also* M.R. Civ. P. 2, 3, 80C(a) (providing that all civil actions, including petitions for review of final agency action, are commenced by complaint). Although "[a] defect in service of process does not automatically create the type of prejudice requiring dismissal," *Jackson v. Borkowski*, 627 A.2d 1010, 1012-13 (Me. 1993), the failure to achieve service of process deprives a court of jurisdiction over a person, *see Fries v. Carpenter*, 567 A.2d 437, 439 (Me. 1989).

4

[¶8]  The Maine Administrative Procedure Act specifies the required method for service of process when petitioning for review of final state agency action: "The petition for review shall be served by certified mail, return receipt requested," on the agency, "[a]ll parties to the agency proceeding," and the Attorney General. *See* 5 M.R.S. § 11003.[1]  Although the Act does not include timing requirements for service of process, *see id.*, the Maine Rules of Civil Procedure specify that, if a civil action is commenced by filing a complaint, "the return of service shall be filed with the court within 90 days after the filing of the complaint."  M.R. Civ. P. 3.

[¶9]  Fleming filed his complaint on May 6, 2013, and the ninety-day period for filing the return of service expired on August 5, 2013.  *See* M.R. Civ. P. 6(a). The court considered Fleming's financial situation and the logistics of his imprisonment, including his placement in segregation for a period of time, in extending that deadline on three occasions.  In sum, the court afforded Fleming an additional 119 days—nearly four months—to effect and prove service as mandated by statute.

[¶10]  Fleming failed to file any proof of service during that time and concedes that he never sent his original or amended complaint to the Assistant Attorney General by certified mail with return receipt requested as required by

---

[1]  In his appeal to us, Fleming acknowledged that he is, and was, aware of this specific requirement.

5 M.R.S. § 11003(1). The court did not abuse its discretion in dismissing the matter without prejudice after Fleming failed to file any proof of service during the seven months available to him after his initial filing of a complaint.

The entry is:

Judgment affirmed.

**On the briefs:**

David G. Fleming, appellant pro se

The Department of Corrections did not file a brief

Knox County Superior Court docket number AP-13-4
FOR CLERK REFERENCE ONLY